# Illinois Official Reports

## Appellate Court

---

**People v. Murray, 2020 IL App (3d) 180759**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KENWAUN MURRAY, Defendant-Appellant. |
| District & No. | Third District<br>No. 3-18-0759 |
| Filed | March 16, 2020 |
| Decision Under Review | Appeal from the Circuit Court of Knox County, No. 14-CF-226; the Hon. Scott Shipplett, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | James E. Chadd, Peter A. Carusona, and Editha Rosario-Moore, of State Appellate Defender's Office, of Ottawa, for appellant.<br><br>John T. Pepmeyer, State's Attorney, of Galesburg (Patrick Delfino, Thomas D. Arado, and Stephanie L. Raymond, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE SCHMIDT delivered the judgment of the court, with opinion.<br>Justices McDade and O'Brien concurred in the judgment and opinion. |

**OPINION**

¶ 1 Following remand, defendant, Kenwuan Murray, appeals his convictions and sentences. Defendant contends that the trial court failed to comply with this court's mandate by denying his request to hold a second hearing on his motion to reconsider sentence. Defendant also argues that the trial court abused its discretion by imposing the maximum sentences. We affirm.

¶ 2                                                    I. BACKGROUND

¶ 3 The State charged defendant with several counts of felony charges, including armed robbery, aggravated battery, home invasion, residential burglary, and burglary. Defendant eventually pled guilty to one count of residential burglary (720 ILCS 5/19-3(a) (West 2014)) and two counts of aggravated battery (*id.* § 12-3.05(a)(1)).

¶ 4 The terms of the plea agreement provided that the State would dismiss the remaining counts. The State agreed that it would not request a sentence that is greater than 12 years. The State also agreed to allow defendant to be released on recognizance bond until sentencing.

¶ 5 The court explained the sentencing range to defendant. The court informed defendant,

"So you can ask for 4 years. The State can ask for 12. And I get to decide what I think the right sentence is. And I could give you 4. I could give you 12. I could give you 15. Right? I can give you more than what they ask for. I get to choose the sentence. *** And the reason I can go over is because of another part of this deal, which is the State has agreed to allow you to get out on a recognizance bond until the date of sentencing.

Now, if you get out on a recognizance bond and you behave, then I'll take that into consideration when you come back. But if you get out and you start getting into fights or getting into some kind of trouble, I'll take that into consideration, too. And if you did, I might go over the 12 years. But if you get out and, you know, go punch somebody or slash car tires or whatever mischief you would get into, that would accrue against you. All right?"

¶ 6 The court then went on to admonish defendant regarding the rights he waived by pleading guilty. The court accepted the plea; the State offered the factual basis for the charges. The factual basis established that police were called to a hotel on reports that two men were bleeding from the head. The victims were guests at the hotel. Defendant entered the victims' room and fractured their skulls with a jack handle.

¶ 7 The court accepted the factual basis and found the plea to be knowingly and voluntarily made. The court concluded by reminding defendant, "you could make my life very easy by screwing up while you're out [on recognizance bond] because then I will find it very easy to give you a harsher sentence."

¶ 8 Next, plea counsel filed a motion to withdraw his guilty plea and a certificate of compliance with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017).

¶ 9 At the sentencing hearing, the trial court chose to impose the sentence before considering the motion to withdraw the plea. At the hearing, the State presented one of the victim's impact statements, which indicated that the victim suffered from a speech impairment years after the offense. The State also asked the court to take judicial notice of defendant's pending charges of two counts of aggravated battery (which occurred while defendant was on recognizance

bond). The State initially questioned whether it was bound to seek the agreed-upon 12-year cap because defendant had been arrested for a crime while released on recognizance bond. However, the State asked the court to impose a 12-year sentence.

¶ 10    Defendant made a statement in allocution. Defendant apologized to one of the victims, then continued, "But as far as the—the other part of this case, *** it has me boggled like *** and I say that because I don't understand how I could have did it when I was let inside, you know." Plea counsel requested a four-year prison term.

¶ 11    The court announced that it considered the presentence investigation (PSI) report, including defendant's criminal history, victim impact statements, defendant's statement in allocution, and the statutory factors in aggravation and mitigation. As to the factors in aggravation, the court made the following comments:

"I would find No. 1, that his conduct caused serious harm; No. 3, that he has a history of prior delinquency or criminal activity; and No. 7, that a sentence is necessary to deter others from committing the same crime."

The court specifically commented on the charge for residential burglary,

"But in my opinion, it is—it is perhaps barely—it's barely not a home invasion. I mean, it's barely not 6 to 30 years in prison. Because really, a home invasion is entering a dwelling place with the intent to commit harm inside, which it's pretty clear that is exactly what happened.

If it was, in fact, a domicile, even temporary, and you went inside then, yeah, it could be considered barely not a home invasion. I guess you—you didn't plead to that either so.

But inches sometimes make all the difference, you know, and close cases, and whether this is a domicile or not or whether this was a residence or not, I think it was. I think there was a factual basis, and I held there was a factual basis.

And so the sentence will be pursuant to the plea to the residential burglary, which doesn't require you to steal anything. It just means entry with the intent to commit a crime therein or a felony, which aggravated battery is a felony."

¶ 12    The court continued by noting defendant's "extensive" criminal record. In addition, the court noted that at the prior plea hearing, the court had admonished defendant that he would receive a greater sentence than 12 years if defendant committed any crimes while on recognizance bond. The court found that defendant had been arrested and charged with aggravated battery while on recognizance bond. The court imposed a maximum 15-year sentence for residential burglary. The court also sentenced defendant to two concurrent five-year terms for each count of aggravated battery.

¶ 13    Subsequently, plea counsel filed an amended motion to withdraw defendant's guilty plea. The motion alleged that defendant's plea was not voluntary because he erroneously believed that the State could prove him guilty of residential burglary. However, defendant claimed that he would have a trial witness who would testify that defendant had permission to enter the hotel room.

¶ 14    At the hearing on the motion, plea counsel requested a hearing pursuant to *People v. Krankel*, 102 Ill. 2d 181 (1984), based on his own purported ineffectiveness. The court found no basis for defendant's ineffective assistance claim and denied defendant's motion to withdraw his plea.

¶ 15 Next, plea counsel filed a motion to reconsider sentence. The motion to reconsider argued that the court erred when it weighed the factors in aggravation and mitigation. The motion alleged that the court improperly considered the fact that defendant's conduct caused great bodily harm, which defendant claimed was inherent in the offense.

¶ 16 At the hearing, the trial court stated that great bodily harm is not an inherent factor in residential burglary. However, even if it were, the court stated that it would have imposed the same sentence. The court then commented that it found the nature and seriousness of the offense as the most important aggravating factor. The court stated,

"I think it was a horrific crime that deserves the entire maximum sentence. I think [defendant] ought to be quite pleased that he didn't come in on a Class X because if I had the opportunity to give him more time, I would have.

So the only reason I gave you 15 is because I can't give you any more. I'm not gonna reconsider the sentence. It will stand."

¶ 17 Defendant appealed; this court remanded for the trial court to conduct a *Krankel* hearing on defendant's claim that plea counsel provided ineffective assistance of counsel. See *People v. Murray*, 2017 IL App (3d) 150586. This court also found that plea counsel's Rule 604(d) certificate failed to strictly comply with the rule. *Id.* ¶ 29. This court vacated the trial court's denial of defendant's motion to withdraw his plea and remanded the matter for new postplea proceedings. *Id.*

¶ 18 On remand, the trial court appointed new counsel to represent defendant and conducted a *Krankel* hearing. Defendant's plea counsel testified at the hearing. During arguments, defendant's new counsel asked alternatively that defendant was entitled to a new hearing on his motion to reconsider sentence. The State argued that the filing of a new motion to reconsider sentence was not implicit in the mandate from this court. The trial court ultimately found that it had complied with the mandate. The court found that plea counsel did not provide ineffective assistance and therefore, the proceedings on the motion to reconsider sentence were not "incorrect." Consequently, the court denied defendant's motion to withdraw his guilty plea and "motion for a new sentencing hearing."

¶ 19 Defendant appeals.

¶ 20 II. ANALYSIS

¶ 21 At the outset, we note that defendant does not contend that the trial court erred by denying his motion to withdraw his guilty plea. Defendant only contends the trial court failed to comply with this court's mandate. Specifically, defendant claims the mandate required a new hearing on his motion to reconsider sentence. Defendant argues that this court should remand a second time for the trial court to reconsider the motion. Because defendant has no right to file a motion to reconsider sentence, we find the trial court did not err.

¶ 22 Initially, we note that our mandate did not require a new hearing on the motion to reconsider sentence. Our order explicitly vacated the judgment on defendant's motion to withdraw his plea. *Id.* We did not comment on defendant's motion to reconsider sentence. On its face, our mandate did not require a new hearing on defendant's motion to reconsider sentence.

¶ 23 Even if our mandate left the door open to a new hearing on the motion, we find our supreme court's decision in *People v. Johnson*, 2019 IL 122956, dispositive. In *Johnson*, our supreme

court held that where a plea agreement includes sentencing concessions from the State or the dismissal of charges, defendant's only postplea recourse is to move to withdraw the plea. *Id.* ¶ 47. In this case, the State charged defendant with four counts of home invasion, two counts of residential burglary, two counts of burglary, and eight counts of aggravated battery. The plea agreement allowed defendant to plead guilty to only three charges. In exchange for the plea, the State dismissed the remaining charges and agreed to recommend a sentence in the range of 4 to 12 years. The State also agreed that defendant would be allowed to post a recognizance bond until his sentencing. Defendant received the benefit of his bargain as the State did request a sentence of 12 years' imprisonment. Consequently, defendant's only recourse would be to file a motion to withdraw his guilty plea.

¶ 24 The fact the trial court sentenced defendant to a 15-year term of imprisonment does not change the result. The trial court is not bound by the terms of the plea agreement. *People v. Streit*, 142 Ill. 2d 13, 21-22 (1991). What is more, the trial court specifically admonished defendant that the court would not be bound to the sentencing concession if defendant committed any crimes while released on recognizance bond. In other words, part of the plea agreement required defendant to avoid any criminal activity while released on recognizance bond. Otherwise, defendant would be subject to a harsher sentence than the cap the State agreed to recommend. Defendant did commit a crime while released, and the trial court sentenced defendant to 15 years' imprisonment.

¶ 25 Now, on appeal, like defendant in *Johnson*, defendant here requests an opportunity to challenge his sentence as excessive by way of a motion to reconsider sentence. However, under *Johnson*, defendant's only recourse under Rule 604(d) "is to seek to withdraw the guilty plea and return the parties to the status quo before the plea." *Johnson*, 2019 IL 122956, ¶ 57. Accordingly, the trial court did not err when it declined to hold a new hearing on defendant's motion to reconsider sentence.

¶ 26 Even assuming defendant had a right to file a motion to reconsider sentence, we find that the trial court did not abuse its discretion when it imposed the maximum sentences. The court's sentencing determination is entitled to great deference and will not be altered absent an abuse of discretion. *People v. Alexander*, 239 Ill. 2d 205, 212 (2010). "A sentence will be deemed an abuse of discretion where the sentence is 'greatly at variance with the spirit and purpose of the law, or manifestly disproportionate to the nature of the offense.' " *Id.* (quoting *People v. Stacey*, 193 Ill. 2d 203, 210 (2000)). Generally, we will not substitute our judgment for that of the trial court as the trial court had the opportunity to consider defendant's credibility, demeanor, general moral character, mentality, social environment, habits, and age. *Id.* at 212-13. We presume that a sentence that falls within the statutory range is not excessive. *People v. Busse*, 2016 IL App (1st) 142941, ¶ 27.

¶ 27 Defendant's sentences of 15 years' imprisonment for residential burglary and 5-year concurrent sentences for aggravated battery are within the applicable sentencing range and are presumptively valid. *Id.* Moreover, we presume that in imposing these sentences, the court considered the relevant factors in aggravation and mitigation. *People v. Wilson*, 2017 IL App (3d) 150165, ¶ 14. This presumption is only overcome by evidence showing the court failed to consider the proper factors. *Id.*

¶ 28 Here, the trial court considered the PSI, including defendant's criminal history, victim impact statements, defendant's statement in allocution, and the statutory factors in aggravation and mitigation. Therefore, the record establishes that the court adequately considered the

relevant factors in aggravation and mitigation. We, therefore, presume that the court did not abuse its discretion in determining defendant's sentences.

¶ 29 Defendant raises several arguments challenging the court's sentencing findings. First, defendant claims the trial court improperly considered the inherent factor of great bodily harm when it sentenced defendant for residential burglary. We disagree that great bodily harm is inherent in the offense of residential burglary. Defendant only needed to have the intent to commit an aggravated battery when he entered the victims' hotel room to commit residential burglary. 720 ILCS 5/19-3(a) (West 2014). In other words, defendant could still be convicted for residential burglary even though he did not actually commit an aggravated battery. The fact that he did commit an aggravated battery is, therefore, not inherent in the offense. Consequently, the court could consider great bodily harm when sentencing defendant for residential burglary. Moreover, the trial court specifically stated that its consideration of the harm caused went to the seriousness of the offense, which is a proper sentencing consideration. See *People v. Saldivar*, 113 Ill. 2d 256, 269 (1986). Stated differently, "[t]he degree of harm to a victim may be considered as an aggravating factor even in cases where serious bodily harm is implicit in the offense." *People v. Rennie*, 2014 IL App (3d) 130014, ¶ 29. Therefore, we find the trial court did not rely on an improper factor inherent in the offense.

¶ 30 Defendant also contends that the trial court placed undue weight on the seriousness of the offense. We disagree; "the seriousness of an offense is considered the most important factor in determining a sentence." *People v. Jackson*, 2014 IL App (1st) 123258, ¶ 53. Defendant's only claim that the court placed undue weight on this factor is the court's reference to its belief that defendant's conduct constituted a home invasion. This does not establish that the trial court placed undue weight on this factor. The trial court knew that it was sentencing defendant for residential burglary. It properly imposed the maximum sentence due to the seriousness of the offense.

¶ 31 Next, defendant contends that the trial court placed undue weight on defendant's unrelated charge for aggravated battery (which he was arrested for while on recognizance bond). As defendant correctly notes, the trial court admonished defendant that if he were to be arrested while on recognizance, then he would receive a greater sentence. The fact the court imposed a sentence that is three years greater than the State's recommendation does not demonstrate that the trial court placed undue weight on this factor.

¶ 32 Additionally, defendant claims the trial court failed to adequately consider the mitigating factors. We agree with the trial court; there are no mitigating factors. Although defendant expressed remorse in his statement in allocution, the trial court had the opportunity to consider defendant's credibility, demeanor, general moral character, mentality, social environment, habits, and age. *Alexander*, 239 Ill. 2d at 212-13. The court found that defendant's apology was not credible. We will not disturb this factual finding. Similarly, defendant claims that the trial court should have considered the fact that he pled guilty as a mitigating factor. However, defendant's statement in allocution still demonstrated that he did not believe he committed the offense because he believed he was invited into the hotel room where he fractured his two victims' skulls. We think that it is fair to presume that the victims did not extend the invitation for the purpose of having their heads bashed in with a tire iron. See generally *People v. Johnson*, 2019 IL 123318 (invitation to enter open business does not extend to one entering with intent to commit a theft or felony).

¶ 33    Finally, defendant claims that the court's emphasis on the need for punishment overrode any concern for rehabilitation. Defendant fails to cite any factual support for this contention. The trial court need not give greater weight to any potential for rehabilitation than to the seriousness of the offense. *People v. Smith*, 321 Ill. App. 3d 523, 537 (2001). It is the task of the trial court to strike a balance between rehabilitative potential and the seriousness of the offense. *People v. Clark*, 207 Ill. App. 3d 439, 457-58 (1991). Defendant's criminal history strongly suggests that he is not the poster child for rehabilitative potential (prior convictions: residential burglary, resisting a peace officer, unlawful possession of a firearm, unlawful possession of cannabis, obstructing justice, unlawful delivery of a controlled substance, domestic battery, domestic battery causing bodily harm, and unlawful restraint; pending charges: two counts of aggravated battery). We find nothing in the record that demonstrates that the trial court improperly weighed these factors. Accordingly, we find the trial court did not abuse its discretion in imposing sentence.

¶ 34                                          III. CONCLUSION
¶ 35    For the foregoing reasons, we affirm the judgment of the circuit court of Knox County.

¶ 36    Affirmed.