2021 IL App (2d) 190399-U
No. 2-19-0399
Order filed May 24, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) )  ) | Appeal from the Circuit Court of Winnebago County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 11-CF-1688 |
| LEONARD ROMMEL FRICKS | ) ) | Honorable Rosemary Collins, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE McLAREN delivered the judgment of the court.
Justices Jorgensen and Schostok concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court did not abuse its discretion in sentencing defendant, convicted of first-degree murder, to 60 years in prison (including a 20-year firearm enhancement) where (1) the record did not rebut the presumption that the trial court considered all relevant mitigating and aggravating evidence, and (2) the serious nature of the crime and defendant's substantial criminal history showed that he had little prospect of rehabilitation.

¶ 2    Defendant, Leonard Rommel Fricks, entered a nonnegotiated plea of guilty to a single count of first-degree murder (720 ILCS 5/9-1(a)(2) (West 2010)) in connection with the shooting death of Martin Jefferson. The trial court sentenced defendant to a 40-year prison term. Because defendant was charged with personally discharging a firearm during the commission of the

offense, he was required to serve an additional 20 years' imprisonment. See 730 ILCS 5/5-8-1(a)(1)(d)(ii) (West 2010). Defendant appeals from the denial of his motion to reconsider his sentence,[1] arguing that the trial court overemphasized his criminal history and failed to consider certain mitigating evidence. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4     Defendant entered his plea on January 22, 2013. As the factual basis for the plea, it was stipulated that the State's evidence would show that, on May 20, 2011, Jefferson and Rakeem Fricks, defendant's cousin, had agreed to fight each other to resolve a personal dispute. They walked to a park where the fight was to take place. Numerous individuals followed to watch the fight. While walking to the park, defendant showed Rakeem a handgun, but Rakeem told defendant to put it away, indicating that no weapons were to be involved in the fight. At the park, Rakeem and Jefferson began to fight in a wrestling manner. While they were on the ground, defendant approached with a gun. Rakeem said, "Don't do it, Cuz." Jefferson rolled off of Rakeem, put his hands up, and said that he was done. However, defendant shot Jefferson several times.

¶ 5     Before sentencing, defendant moved to withdraw his plea. The motion was denied. The matter then proceeded to sentencing. According to the presentence investigation report (PSI),

_____

[1] There were procedural missteps along the road to this ruling, and this case has been before us on two prior occasions. In *People v. Fricks*, No 2-14-0054, we entered a minute order on August 11, 2014, remanding the case for proceedings in compliance with Illinois Supreme Court Rule 604(d) (eff. Feb. 6, 2013). In *People v. Fricks*, 2017 IL App (2d) 160493, we remanded again, because the trial court failed to hold a new hearing on the motion.

defendant was born on September 9, 1979. He had a lengthy criminal history beginning in 1997, when he was convicted of possession of a stolen motor vehicle and was sentenced to 30 months' probation. His probation was subsequently revoked, and he was resentenced to a 4½-year prison term. In 2002, defendant was convicted of unlawful possession of a controlled substance and was sentenced to 30 months' probation. His probation for that offense was likewise revoked, and he was resentenced to a 34-month prison term. Defendant also had convictions of criminal damage to state-supported property (a felony) and numerous traffic offenses, including operating an uninsured vehicle, driving while his license was suspended, driving under the influence of alcohol, driving without a license, a headlight violation, and following too closely.

¶ 6    In addition, defendant had convictions of domestic violence in 2003, 2006, and 2007. At defendant's sentencing hearing, his attorney indicated that the 2003 and 2007 convictions involved conduct of an insulting or provoking nature, rather than infliction of bodily harm. The 2007 conviction arose from defendant pushing the victim. Defendant's attorney indicated that the 2006 conviction did not involve "serious injury," adding that "it was a pushing and a slapping incident *** and allegedly biting of a finger too." Defendant also had a conviction of resisting a peace officer. Defendant was successfully discharged from probation for the 2007 domestic battery conviction and the conviction of resisting a peace officer. The PSI notes that defendant made substantial positive efforts to comply with the probation terms for those two offenses. For instance, he successfully completed substance abuse counseling and domestic violence classes and earning a GED.

¶ 7    Defendant's girlfriend testified that she and defendant had lived together for five years and he was the father of one of her children. In addition, defendant loved her other children as if they

were his own. He took them to and from school, helped them with homework, and would give them anything they needed.

¶ 8    In pronouncing sentence, the trial court stated:

"When the Court looks at the factors in mitigation and aggravation, I do note that you have a long record in the criminal justice system. *** Much has been said about whether it's bad or good, but it's bad. I mean yes, it could be worse, but it's bad. I mean you have a substantial record of felony offenses. *** You have a history of violent offenses, and—and I congratulate your attorney for putting his best spin possible on your domestic batteries. I mean he accurately reflected the nature of the charge and he said he's not trying to minimize the seriousness of these charges, but he wants the Court to understand the level of violence in those charges, and I appreciate that, but they're still domestic battery charges, which *** causes the Court concern.

***

But when I look at the factors in mitigation and aggravation, obviously you do have a serious criminal record with prior felony convictions, *** so you have shown to the Court that you will not follow the law of the People of the State of Illinois, and *** even though it has been a while since your last conviction, *** this is a very serious offense for which you're before the Court now. There's no real reason, based upon your record and your errant behavior, for the Court to think that you aren't a danger to the community and that your behavior does pose a risk to the community, and that's what the Court would find, that you are a danger to the community, that your behavior does cause a risk to this community for further harm."

¶ 9      The court noted that defendant partially completed counseling and that he treated his girlfriend's children well and helped her take care of them.  Nonetheless, the trial court found that defendant had very little rehabilitative potential.

¶ 10                                             II. ANALYSIS

¶ 11     Defendant argues that his 60-year sentence is excessive.  First-degree murder is ordinarily punishable by a prison term of 20 to 60 years.  730 ILCS 5/5-4.5-20(a) (West 2010).  However, the particular count of the indictment to which defendant pleaded guilty alleged that he personally discharged a firearm during the commission of the offense.  Section 5-8-1(a)(1)(d)(ii) of the Unified Code of Corrections (Code) (*id.* § 5-8-1(a)(d)(ii)) provides that "if, during the commission of the offense, the [defendant] personally discharged a firearm, 20 years shall be added to the term of imprisonment imposed by the court."  Thus, the effective sentencing range was 40 to 80 years.[2]

¶ 12     The Illinois Constitution provides that "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, § 11.  In determining an appropriate sentence, the trial court must balance aggravating and mitigating factors, including "the nature and circumstances of the crime, the defendant's conduct in the commission of the crime, and the defendant's personal history, including his age, demeanor, habits, mentality, credibility, criminal history, general moral

---

[2] We note that the count of the indictment in question did *not* specifically seek imposition of an additional 25 years or up to a term of life pursuant to section 5-8-1(a)(1)(d)(iii) of the Code (730 ILCS 5/5-8-1(a)(1)(d)(iii) (West 2010)), which provides for such a sentence enhancement "if, during the commission of the offense, the [defendant] personally discharged a firearm that proximately caused *** death to another person."

character, social environment, and education." *People v. Maldonado*, 240 Ill. App. 3d 470, 485-86 (1992). A sentence that is within the statutory limits will not be deemed excessive unless it is greatly at variance with the spirit and purpose of the law or manifestly disproportionate to the nature of the offense. *People v. Kulpin*, 2021 IL App (2d) 180696, ¶ 76.

¶ 13    As we have recently observed:

> "In determining an appropriate sentence, relevant considerations include the nature of the crime, the protection of the public, deterrence, and punishment, as well as the defendant's rehabilitative prospects. [Citation.] The weight to be attributed to each factor in aggravation and mitigation depends upon the particular circumstances of the case. [Citation.] There is a presumption that the trial court considered all relevant factors in determining a sentence, and that presumption will not be overcome without explicit evidence from the record that the trial court did not consider mitigating factors or relied on improper aggravating factors. [Citation.]" *People v. Neal*, 2020 IL App (2d) 170356, ¶ 55.

¶ 14    Defendant argues that the trial court overemphasized defendant's criminal history. He contends that the trial court mischaracterized his criminal history as "serious" and "violent." He notes that it consisted mainly of three nonviolent felonies, which were committed years before the murder of Jefferson, and traffic offenses. He also stresses that the domestic batteries did not involve the infliction of bodily harm. The argument is not persuasive. We emphatically disagree with defendant's suggestion that three felony convictions (even for nonviolent offenses) do not constitute a serious criminal history. Furthermore, although the domestic batteries did not result in bodily harm, they involved pushing, slapping, and possibly biting. The trial court's characterization of these offenses as violent was accurate, and the trial court did not overstate the level of violence involved. We cannot say that the trial court erred in concluding that defendant's

criminal history suggested that his prospects for rehabilitation were poor and merited imposition of a sentence substantially greater than the minimum.

¶ 15    Defendant also argues that the trial court "failed to recognize, much less weigh, compelling mitigating evidence."   Defendant contends that he accepted responsibility for the offense by pleading guilty, that he committed the offense under a strong provocation, and that his age indicates that he is unlikely to reoffend.   The State notes that defendant did not raise these issues in his motion to reconsider his sentence and that they are therefore forfeited.  See *People v. Hillier*, 237 Ill. 2d 539, 544, (2010) ("It is well settled that, to preserve a claim of sentencing error, both a contemporaneous objection and a written postsentencing motion raising the issue are required.") However, defendant argues that the issue is reviewable under the plain-error rule.  The plain-error rule permits a reviewing court to address an unpreserved error "when either (1) the evidence is close, regardless of the seriousness of the error, or (2) the error is serious, regardless of the closeness of the evidence." *People v. Herron*, 215 Ill. 2d 167, 186-87 (2005).

¶ 16    It is well established that "[t]he first step of plain-error review is determining whether any error occurred."  *People v. Thompson*, 238 Ill. 2d 598, 613 (2010).  Here, we find no error.  First, regarding evidence of defendant accepting responsibility by pleading guilty, defendant points to nothing in the record supporting his argument that the trial court failed to consider and weigh this evidence.  As noted, we presume that the trial court considered all mitigating factors unless the record shows otherwise.  *Neal*, 2020 IL App (2d) 170356, ¶ 55.

¶ 17    Second, the record does not support defendant's argument that he acted under a strong provocation.  In defendant's view, the provocation was the need to protect Rakeem from Jefferson, who was much larger than Rakeem.  However, Rakeem and Jefferson were engaged in mutual combat and both were unarmed.  Before the fight, Rakeem indicated that there were to be no

weapons involved. Moreover, when defendant pulled a gun, Jefferson put his hands up and said that he was done. Nothing provoked a convicted felon to carry a firearm, indicate that it was available for use, and then murder an unarmed man.

¶ 18    Third, defendant argues that the trial court did not consider that, because of defendant's age, a minimum sentence of 40 years would give him a chance to be a productive member of the community at an age where the likelihood of him engaging in criminal activity would be low. Again, defendant points to nothing in the record to suggest that the trial court failed to take that consideration into account. It is true that, given defendant's age, a 60-year prison term is a *de facto* life sentence. However, it is not the rule that a defendant is entitled to be released once he or she is no longer a threat to society. Rather, in imposing sentence, a trial court must strike a balance between rehabilitative potential and the seriousness of the offense. *People v. Murray*, 2020 IL App (3d) 180759, ¶ 33. The former does not necessarily take precedence over the latter. *Id.* Indeed, "[t]he most important factor to consider is the seriousness of the crime." *People v. Williams*, 2017 IL App (1st) 150795, ¶ 44.

¶ 19    Defendant relies, in part, on *People v. Rickard*, 99 Ill. App. 3d 914 (1981). In that case, the court held that an indeterminate sentence of 100 to 300 years' imprisonment, imposed on a 32-year-old defendant convicted of murder, "effectively negate[d] any possibility of defendant's rehabilitation." *Id.* at 918-19. *Rickard* is readily distinguishable because the defendant in the case had no criminal record whatsoever. *Id.* at 918. Here, defendant had a substantial criminal history, and he committed a brutal, senseless crime. He was eligible for a total sentence of 40 to 80 years' imprisonment. His sentence of 60 years is precisely at the midpoint of the sentencing range. We cannot say the sentence is greatly at variance with the spirit and purpose of the law or manifestly disproportionate to the nature of the offense. *Kulpin*, 2021 IL App (2d) 180696, ¶ 76.

¶ 20                                    III. CONCLUSION

¶ 21     For the foregoing reasons, the judgment of the circuit court of Winnebago County is affirmed.

¶ 22     Affirmed.