FIRST BANK OF OAK PARK, Plaintiff-Respondent, v. GEORGE REZEK *et al.,* Defendants and Petitioners-Appellants (American National Bank, Trustee, Intervenor and Respondent-Appellee).

First District (3rd Division)   No. 88—1634

Opinion filed February 15, 1989.

Heldrich, Gutman & Associates, of Chicago, for appellant.

Diane M. Romaniuk, of Chicago, for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Defendant, George Rezek, appeals from an order of the trial court denying his motion to reconsider its denial of his motion to vacate the judgment of foreclosure and sale, and its approval of the petition for a writ of assistance, filed by intervenor, American National Bank, trustee under trust Nos. 104525—06 and 104541—06. Defendant contends the judgment should be vacated because it improperly was corrected and amended by a *nunc pro tunc* order. Defendant maintains that the trial court lacked jurisdiction to enter the *nunc pro tunc* order.

The facts are as follows. On August 7, 1986, plaintiff, the First Bank of Oak Park, filed an action to foreclose a trust deed upon five parcels of real estate. Defendant was the beneficial owner of one of the parcels of real estate. Defendant filed an appearance, but failed to file an answer to the complaint. On April 22, 1987, the court entered an order of default as to defendant and entered a judgment of foreclosure and sale as to the real estate.

On May 27, 1987, plaintiff served defendant by mail with notice of a June 5, 1987, hearing to correct clerical errors in the record and to amend *nunc pro tunc* the judgment of foreclosure and sale. At the hearing, plaintiff sought to delete parcels one and three from the judgment of foreclosure because it previously had nonsuited its action on those parcels. Plaintiff further sought to correct typographical errors in a document number and in two of the legal descriptions. The court ordered that the record be corrected and that the judgment of foreclosure and sale be amended *nunc pro tunc*, as requested by plaintiff.

The sheriff of Cook County subsequently held a sheriff's sale upon the amended judgment. Plaintiff's bid was accepted, as approved and

confirmed by subsequent order. Plaintiff assigned its rights in the certificate of sale to intervenor. No redemption was made from the sheriff's sale, and on January 29, 1988, a sheriff's deed was issued to intervenor.

On February 5, 1988, defendant filed a motion to vacate the judgment of foreclosure and sale. Defendant alleged that the court lacked jurisdiction to enter its June 5, 1987, *nunc pro tunc* order. Defendant noted that the judgment of foreclosure was final and that the motion to amend was filed more than 30 days after its entry. Defendant contended that under those circumstances, plaintiff was required to bring his motion to amend pursuant to section 2—1401 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401). Defendant further contended that according to Supreme Court Rule 106 (107 Ill. 2d R. 106), plaintiff was required to give notice of the section 2—1401 motion by methods prescribed in Supreme Court Rule 105 (107 Ill. 2d R. 105). It is agreed that while plaintiff did give defendant notice of the motion, it did not do so by one of the methods found in Rule 105.

On February 8, 1988, intervenor filed a petition for a writ of assistance, requesting that defendant be ordered to surrender possession of the property and that defendant and all other tenants be required to pay rentals to intervenor. On April 18, 1988, the court denied defendant's motion to vacate and granted intervenor's petition for a writ of assistance. Defendant filed a motion to reconsider the April 18, 1988, orders, and on May 24, 1988, the court denied this motion.

On appeal, defendant contends that the denial of the motion to reconsider was improper. He maintains that the trial court lacked jurisdiction to correct clerical errors in the record and to amend the judgment of foreclosure. He alleges that the post-judgment relief pursuant to the *nunc pro tunc* order was improper because post–30-day relief should have been sought under section 2—1401 of the Code of Civil Procedure and in compliance with Supreme Court Rules 105 and 106. Defendant concludes that absent proceedings pursuant to section 2—1401 and the applicable supreme court rules, the trial court could not have jurisdiction in a post–30-day relief situation.

■ Initially we note that relief from final orders and judgments after 30 days from entry thereof may be provided in ways other than that provided by section 2—1401. Post–30-day relief properly may be granted as follows: by application of the revestment doctrine; by a finding that the final order or judgment is void; by agreement of the parties; or by a *nunc pro tunc* order. (*King v. King* (1985), 130 Ill.

App. 3d 642, 474 N.E.2d 834.) Thus, we disagree with defendant's contention that the trial court only could have granted post–30-day relief through a section 2—1401 petition.

Moreover, we do not believe that a section 2—1401 petition would have been appropriate here. Rather, we find that the trial court properly used its authority to issue a *nunc pro tunc* order to ensure that the final judgment conformed to the judgment actually rendered.

■ The purpose of a section 2—1401 petition is to bring facts not of record to the attention of the trial court which, if known by the trial court at the time judgment was entered, would have prevented its rendition. (*Manning v. Meier* (1983), 114 Ill. App. 3d 835, 449 N.E.2d 560.) Section 2—1401 is not merely a continuation of the original proceeding, but commences an entirely new proceeding. (*Manning v. Meier*, 114 Ill. App. 3d 835, 449 N.E.2d 560.) Because the section 2—1401 hearing is a new proceeding, notice of the hearing must be given by specific means. Supreme Court Rule 106 provides that notice of the filing of a petition under section 2—1401 must be given by the methods provided in Supreme Court Rule 105. That rule provides the notice requirements for post-judgment actions seeking new or additional relief against parties in default and mandates that in such actions, service be made by summons, by certified or registered mail, or by publication. 107 Ill. 2d R. 105.

■■ ■ In contrast, the purpose of a *nunc pro tunc* order is to correct the record of the judgment, not to alter the actual judgment of the court. (*Dauderman v. Dauderman* (1970), 130 Ill. App. 2d 807, 263 N.E.2d 708.) The court's authority to enter a *nunc pro tunc* order is based upon its right and duty to do entire justice and upon control of its own records and its authority to make them speak the truth. (*Gagliano v. 714 Sheridan Venture* (1986), 144 Ill. App. 3d 854, 494 N.E.2d 1182.) A court has authority to enter a *nunc pro tunc* order at any time to amend a written record of judgment to conform with the judgment in fact rendered by the court. (*In re Estate of Young* (1953), 414 Ill. 525, 112 N.E.2d 113; *Gagliano v. 714 Sheridan Venture*, 144 Ill. App. 3d 854, 494 N.E.2d 1182.) This authority is limited to entering into the record something which actually was done; the error must be clerical and not judicial. The distinction between a clerical error and a judicial one does not depend upon the source of the error, but rather, upon whether it was the deliberate result of judicial reasoning and determination. *In re Marriage of Hirsch* (1985), 135 Ill. App. 3d 945, 482 N.E.2d 625.

■ A *nunc pro tunc* order relates back to the date of the judgment (*In re Marriage of Hirsch*, 135 Ill. App. 3d 945, 482 N.E.2d

625; *In re Marriage of Shelton* (1984), 127 Ill. App. 3d 775, 469 N.E.2d 618), and may be entered at any time with notice to the parties. (*In re Marriage of Hirsch,* 135 Ill. App. 3d 945, 482 N.E.2d 625; *Dauderman v. Dauderman,* 130 Ill. App. 2d 807, 263 N.E.2d 708.) An action for *nunc pro tunc* relief is not the same as an action for section 2—1401 relief, nor is it a proceeding for new or additional relief. An action for *nunc pro tunc* relief is merely a continuation of the original proceeding. Accordingly, compliance with the special notice provisions of Supreme Court Rule 105 is not required.

■ We believe that the trial court properly entered a *nunc pro tunc* order correcting the record and amending the judgment of foreclosure. The June 5, 1987, order did not involve the consideration of any facts not of record nor did it involve correction of a judicial error. Rather, the order merely amended the written judgment to conform with the judgment in fact rendered by the court. Amendments of this nature properly are accomplished by *nunc pro tunc* order, and notice of the *nunc pro tunc* proceeding need not comply with the mandates of Supreme Court Rule 105.

The trial court properly determined that defendant's request to vacate the judgment of foreclosure because of lack of jurisdiction to amend the judgment *nunc pro tunc* was without merit. Consequently, the trial court's order granting intervenor's petition for a writ of assistance was properly entered, and defendant's motion to reconsider was correctly denied.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

RIZZI and WHITE, JJ., concur.