ROBERT R. KRILICH, SR., Plaintiff-Appellee, v. KEN M. PLENCER *et al.*, Defendants (Vincent Gramarossa *et al.*, Defendants-Appellants).

Second District   No. 2—98—0660

Opinion filed June 29, 1999.—Rehearing denied July 26, 1999.

Rod Radjenovich, of Jeffrey Strange & Associates, of Wilmette, for appellants.

Brian J. Wanca and Roberta K. Kanabay, both of Anderson & Wanca, of Rolling Meadows, for appellee.

JUSTICE McLAREN delivered the opinion of the court:

Plaintiff, Robert R. Krilich, Sr., and defendants Vincent and Mary Gramarossa entered into an agreement whereby all defendants, as guarantors, agreed to pay plaintiff for certain real estate. Plaintiff sought the entry of a default judgment against all defendants when they failed to pay under the agreement. At the time the default was sought, plaintiff learned that defendant Vincent Gramarossa had filed for bankruptcy. Plaintiff informed the trial court of the bankruptcy proceedings, and the trial court entered a default judgment against defendants Ken Plencer, American Homes Corporation (American Homes), and Vincent Gramarossa. Plaintiff then filed a motion to amend the earlier default judgment *nunc pro tunc*. The trial court granted the motion. Defendants Vincent and Mary Gramarossa now appeal and argue that the trial court could not amend the order *nunc pro tunc*. We agree.

On January 10, 1989, plaintiff, defendant Plencer, and defendant American Homes executed a promissory note whereby Plencer and American Homes agreed to pay $68,500 and 10% interest per annum to plaintiff in exchange for certain real estate. The promissory note was guaranteed on May 25, 1989, in a guarantee agreement executed between defendant Plencer and defendants Vincent and Mary Gramarossa. This guarantee agreement provided that defendant Plencer

and defendants Vincent and Mary Gramarossa would be jointly and severally liable for the amount left to be paid under the January 10, 1989, note. Soon afterwards, defendant Plencer and defendant American Homes defaulted and failed to pay on the note as agreed. Neither defendant Plencer nor defendant American Homes is a party to this appeal.

On August 29, 1997, plaintiff filed a motion entitled "Motion for Default Judgment and for Finding that Plaintiff's Action is neither stayed nor discharged under the United States Bankruptcy Code." Plaintiff indicated in the motion that defendants Vincent and Mary Gramarossa's attorney notified plaintiff and that plaintiff was told that defendant Vincent Gramarossa filed for bankruptcy in 1993. Defendants Vincent and Mary Gramarossa's attorney claimed that any action taken by plaintiff was stayed or discharged due to the bankruptcy proceedings. After learning of defendant Vincent Gramarossa's bankruptcy proceedings, plaintiff discovered that he was not listed as a creditor in the bankruptcy case and that a plan of reorganization was confirmed on April 17, 1997.

A hearing on plaintiff's motion for a default judgment was held on September 10, 1997. At this hearing, the trial court entered a default judgment against defendants Plencer, American Homes, and Vincent Gramarossa, but the trial court refused to enter a finding that the bankruptcy proceedings stayed or discharged the guarantee agreement proceedings. Specifically, the trial court stated:

"THE COURT: Mr. Wanca [plaintiff's attorney], your motion for default is granted.

\* \* \*

THE COURT: I think the appropriate thing to do would be we'll prove this up, if they [,presumably, Vincent Gramarossa] want to vacate [the default judgment,] it would have to be something raised affirmatively; namely, for protection of the Bankruptcy Code. So I don't think that I'd be in an appropriate position today to have in effect a default declaratory action indicating the effect of the bankruptcy."

The court then entered a default judgment order against defendants Plencer, American Homes, and Vincent Gramarossa.

Soon after the default judgment was entered, defendant Vincent Gramarossa filed a motion in bankruptcy court for damages against plaintiff and to hold him in contempt. Plaintiff responded that the bankruptcy court did not have jurisdiction over the matter because the trial court had already assumed jurisdiction over the cause and entered a default judgment against defendants Plencer, American Homes, and Vincent Gramarossa. The bankruptcy court took the mat-

ter under advisement and decided that an evidentiary hearing would be necessary to determine plaintiff's and plaintiff's counsel's intent when seeking the default judgment in the trial court. The bankruptcy court also pointed out that the trial court never made a finding concerning the discharging of the debt or the staying of the proceedings in the trial court.

On February 19, 1998, plaintiff filed a motion to amend the September 10, 1997, default judgment order. Plaintiff asked that the trial court amend the order to read that plaintiff was not listed as a creditor in the bankruptcy proceedings, that plaintiff was not included in the plan of reorganization, that the automatic stay would not bar the proceedings in the trial court, and that the discharge order entered pursuant to the bankruptcy proceedings had no effect on plaintiff's proceedings in the trial court.

On February 25, 1998, a hearing was held on plaintiff's motion to amend the September 10, 1997, proceedings. Over defendants Vincent and Mary Gramarossa's objection, the trial court granted the motion and stated:

"THE COURT: I would have never entered the default judgment had I believed that the bar of the bankruptcy proceeding was in effect.

So I am going to grant this motion today to amend the order, and you can do with it what you will in Federal Court."

The court's September 10, 1997, order was amended on February 25, 1998. The *nunc pro tunc* order provided that "since [plaintiff] was not listed on [defendant Vincent Gramarossa's] schedule of creditors and not included in the Plan of Reorganization, the stay and discharge granted by the United States Bankruptcy Court to [defendant Vincent Gramarossa] has no affect [*sic*] on [plaintiff's] ability to recover judgment in this action." On March 26, 1998, defendant Vincent Gramarossa filed a motion to reconsider and vacate the February 25, 1998, order. This motion was denied on April 21, 1998, and defendants Vincent and Mary Gramarossa then filed a timely notice of appeal.

■ The general rule is that trial courts lack jurisdiction to modify their own final orders once 30 days have passed after the entry of the final order. *Bradley v. Burrell*, 97 Ill. App. 3d 979, 981 (1981). However, a trial court may enter a *nunc pro tunc* order even after 30 days have passed since the entry of the final order. *First Bank v. Rezek*, 179 Ill. App. 3d 956, 958 (1989); *Bradley*, 97 Ill. App. 3d at 981.

"The purpose of a *nunc pro tunc* order is to correct the record of judgment, not to alter the actual judgment of the court." *Beck v. Stepp*, 144 Ill. 2d 232, 238 (1991). *Nunc pro tunc* orders may be entered to correct clerical errors, but such an order cannot be used to correct

judicial errors. *Rezek*, 179 Ill. App. 3d at 959. "The distinction between a clerical error and a judicial one does not depend upon the source of the error, but rather, upon whether it was the deliberate result of judicial reasoning and determination." *Rezek*, 179 Ill. App. 3d at 959.

There are many examples that illustrate the difference between clerical errors, which may be corrected *nunc pro tunc*, and judicial errors, which may *not* be corrected *nunc pro tunc*. For example, in *Brody v. Hess*, 75 Ill. App. 3d 402, 403-04 (1979), the parties to a divorce decree had agreed to a joint waiver of alimony, and the trial court failed to incorporate this waiver into the decree. The reviewing court found that the trial court could properly amend the decree *nunc pro tunc* to reflect the parties' joint waiver because the prove-up proceedings established that the parties had agreed to the waiver, and the failure to incorporate the waiver provision was strictly a clerical or scrivener's error. *Brody*, 75 Ill. App. 3d at 404. In *Dauderman v. Dauderman*, 130 Ill. App. 2d 807, 808-09 (1970), the trial court amended the parties' divorce decree to read "$400.00 per month" rather than "$400.00." As the appellate court explained, the failure to include the words "per month" was clearly an inadvertent clerical error or scrivener's error because the lump sum award did not match the decree absent the language "per month." *Dauderman*, 130 Ill. App. 2d at 810. Moreover, in *Johnson v. First National Bank*, 123 Ill. App. 3d 823, 828 (1984), the trial court amended the judgment entered against "First National Bank of Park Ridge" to provide that judgment was entered against "First National Bank of Park Ridge [as trustee under trust No.] 205." All the other documents in the case listed the bank as the trustee, and the trial court's failure to list the bank as the trustee in the judgment was an inadvertent clerical or scrivener's error. *Johnson*, 123 Ill. App. 3d at 828. Here, the trial court did not seek to correct an inadvertent scrivener's error. Rather, the trial court here entered the *nunc pro tunc* order to supply deliberately omitted judicial action.

■ The trial court stated at the September 10, 1997, hearing that it was not going to enter a declaratory action stating the effect that the bankruptcy proceedings had on the action pending in the trial court. The trial court stated that it was not going to enter an order addressing the discharge of the debt because defendants, presumably defendant Vincent Gramarossa, could seek to vacate the default judgment and allege protection under the Bankruptcy Code. Thus, as plaintiff has pointed out in his brief, the court chose not to rule on the status of the debt until defendant Vincent Gramarossa raised the issue, if at all, as a defense. The trial court clearly made a decision to

714

omit any finding concerning the discharge of defendant Vincent Gramarossa's debt, and this decision was a deliberate result of judicial reasoning. Thus, the trial court may not later amend the September 10, 1997, order with a finding that it expressly refused to make previously. This would allow the trial court to amend the September 10, 1997, order with intentionally omitted judicial findings, and a *nunc pro tunc* order cannot be entered under such circumstances.

The judgment of the circuit court of Du Page County granting plaintiff's *nunc pro tunc* motion is reversed, and this cause is remanded for further proceedings.

Reversed and remanded.

INGLIS and GALASSO, JJ., concur.