# Illinois Official Reports

## Appellate Court

---

### *People v. Lake*, 2020 IL App (1st) 170309

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SEAN LAKE, Defendant-Appellant. |
| District & No. | First District, First Division<br>No. 1-17-0309 |
| Filed | February 24, 2020 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 10-CR-20628(01); the Hon. Michelle M. Pitman, Judge, presiding. |
| Judgment | Affirmed; order vacated. |
| Counsel on Appeal | James E. Chadd, Patricia Mysza, and Brian W. Carroll, of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Kimberly M. Foxx, State's Attorney, of Chicago (Alan J. Spellberg, Annette Collins, and Mari R. Hatzenbuehler, Assistant State's Attorneys, of counsel), for the People. |
| Panel | JUSTICE PIERCE delivered the judgment of the court, with opinion.<br>Presiding Justice Griffin and Justice Hyman concurred in the judgment and opinion. |

**OPINION**

¶ 1 This appeal involves the circuit court of Cook County's *sua sponte* changing of the mandatory supervised release (MSR) term in a criminal sentencing order *nunc pro tunc*—without prior notice to defendant, Sean Lake—four years after final judgment. Defendant argues that the circuit court's act of changing the MSR term is void for lack of subject-matter jurisdiction and that the use of a *nunc pro tunc* order was improper. The State responds that the circuit court was revested with jurisdiction because, after the sentencing order was changed, defendant appeared in open court and, while represented by counsel, acquiesced to the new MSR term.

¶ 2 We agree with defendant that the circuit court's order changing defendant's sentencing order is void. The circuit court did not have jurisdiction to *sua sponte* change the sentencing order because more than 30 days had passed from the entry of a final judgment. The original sentencing order could not be changed through a *nunc pro tunc* order because the circuit court was not correcting a clerical error in the original sentencing order but instead tried to correct a substantive legal error regarding the MSR term. We also find that the revestment doctrine does not apply, despite the parties appearing in court after the *nunc pro tunc* order was entered, because both parties did not actively participate in the postjudgment proceedings in which the circuit court *sua sponte* entered the *nunc pro tunc* order. Regardless of whether the circuit court was right that the MSR term in the original sentencing order did not conform with the Unified Code of Corrections—an issue that is not before us—the circuit court lacked jurisdiction to change its original sentencing order. The circuit court's order changing defendant's MSR term must be vacated.

¶ 3 Defendant does not raise any argument on appeal regarding the circuit court's judgment dismissing his postconviction petition, which is the judgment from which defendant appeals. Defendant has forfeited any argument regarding the dismissal of his petition, and we therefore affirm the circuit court's judgment.

¶ 4           I. BACKGROUND

¶ 5 In 2010, defendant was charged with numerous counts of predatory criminal sexual assault and criminal sexual assault. On December 9, 2011, defendant entered into a negotiated plea whereby he agreed to plead guilty to one count of criminal sexual assault (720 ILCS 5/12-13(a)(1) (West 2010)),[1] a Class 1 felony, in exchange for a six-year prison sentence to be served at 85%.[2] The circuit court admonished defendant that criminal sexual assault had a sentencing range of 4 to 15 years in prison and that he would be required to serve a 2-year MSR term. After being fully admonished, defendant indicated that he understood and that he wished to plead guilty. The circuit court accepted his plea and sentenced defendant to six years in prison at 85%, followed by two years of MSR.

¶ 6 In January 2016, the Department of Corrections (IDOC) sent a letter to the circuit court stating that defendant's conviction for criminal sexual assault required an MSR term of three

---

[1]Public Act 96-1551 (eff. July 1, 2011) amended section 12-13 and renumbered it as section 11-1.20. See 720 ILCS 5/11-1.20 (West 2010).

[2]Throughout his appellate briefs, defendant implies that the MSR term was part of his negotiated plea, but there is nothing in the record to suggest that defendant and the State negotiated an MSR term.

years to natural life.[3] At the time defendant was sentenced, section 5-8-1 of the Unified Code of Corrections (Code of Corrections) provided:

> "(d) Subject to earlier termination under Section 3-3-8, the parole or mandatory supervised release term shall be as follows:
>
> * * *
>
> (4) for defendants who commit the offense of *** *criminal sexual assault* *** the term of mandatory supervised release shall range from a minimum of 3 years to a maximum of the natural life of the defendant[.]" (Emphasis added.) 730 ILCS 5/5-8-1(d)(4) (West 2010).

On January 7, 2016, the circuit court—*sua sponte* and without notice to defendant or the State—changed defendant's sentencing order to reflect an MSR term of three years to natural life. The circuit court's order indicated that it was entered *nunc pro tunc* to December 9, 2011.

¶ 7    In April 2016, defendant sent a *pro se* letter to the clerk of the circuit court of Cook County indicating that his MSR term had been changed. He inquired whether his original MSR term could be restored or whether he needed to file a postconviction petition. The letter was forwarded to the trial judge, who scheduled a court appearance for May 27, 2016. On that date, with defendant and an assistant state's attorney present, the circuit court appointed counsel for defendant and explained that it had changed the sentencing order in response to the IDOC letter because the circuit court had "misinformed" defendant about the MSR term on December 9, 2011. The circuit court did not request any briefing or filings from the parties but instead gave defendant an ultimatum: he could withdraw his guilty plea and "start over" or simply accept that, as a matter of law, he was subject to an MSR term of three years to natural life. Defense counsel indicated that she had spoken with defendant and the following exchange occurred in open court:

> "MS. MINER [(DEFENSE COUNSEL)]: [Defendant] advised me that he did not intend this to be a motion to withdraw his plea. He does not wish to withdraw the plea. He understand[s] that the MSR at that time was three years to life, and at this time he has no objections.
>
> THE COURT: Okay. Do you understand that, Mr. Lake? So the order that I sent to [the IDOC] correcting that to three years to life, sir, it is the law. So I have no control over it. It was—it was something that I didn't admonish you of in 2011, which is why [the IDOC] wrote me.
>
> So those are your options. Either I can go back, and we can vacate the plea, and I can inform you of the three years to life or right now you know about it. If you don't have any objections, like [defense counsel] said, then at this point you—your plea stays the same, and you can certainly be released on three years to natural life [MSR].
>
> THE DEFENDANT: Okay. I understand.
>
> THE COURT: Okay. Is that what you wish to do, sir?
>
> THE DEFENDANT: Yes.
>
> THE COURT: All right. So you do not have any objection to the three years to— three years [MSR]—

---

[3]The IDOC's letter is not included in the record on appeal.

THE DEFENDANT: I know, it's the law.

THE COURT: —to life? All right. It is the law."

¶ 8 The circuit court stated that its January 7, 2016, order would stand. Defendant did not file a motion to withdraw his guilty plea or file a notice of appeal.

¶ 9 In August 2016, defendant mailed a *pro se* postconviction petition to the circuit court. He alleged that the circuit court's January 7, 2016, *nunc pro tunc* order changing the term of his MSR "was a breach of [the] plea agreement" and denied him "the benefit of the bargain." He asserted that the order violated his right to due process and fundamental fairness because he was not informed beforehand that the sentencing order would be changed. On November 4, 2016, the circuit court dismissed defendant's petition, stating on the record that the petition was frivolous and patently without merit, as the circuit court had given defendant an opportunity to withdraw his guilty plea in May 2016.

¶ 10 We allowed defendant's *pro se* motion for leave to file a late notice of appeal from the dismissal of his postconviction petition.

¶ 11                                    II. ANALYSIS

¶ 12 At the outset, we note that defendant does not raise any argument on appeal regarding the dismissal of his postconviction petition. His postconviction petition did not assert that the circuit court's January 7, 2016, order was void. Defendant has forfeited any argument that the circuit court erred by dismissing his postconviction petition, and we therefore affirm the circuit court's dismissal of defendant's postconviction petition.

¶ 13 The only argument defendant advances on appeal is that the circuit court's January 7, 2016, order *sua sponte* changing the original sentencing order *nunc pro tunc* is void because the circuit court did not have subject matter jurisdiction to change the sentencing order. The only relief he seeks on appeal is vacatur of the January 7, 2016, order.

¶ 14 Generally, the circuit court loses jurisdiction 30 days following the entry of a final judgment if no postjudgment motions are filed. *People v. Bailey*, 2014 IL 115459, ¶ 14 (citing *People v. Flowers*, 208 Ill. 2d 291, 303 (2003)). An order entered by a court that lacks jurisdiction is void and is subject to direct or collateral attack at any time. *People v. Castleberry*, 2015 IL 116916, ¶¶ 11-12.

¶ 15 We find that the circuit court's January 7, 2016, order *sua sponte* changing defendant's sentencing order *nunc pro tunc* is void. First, on January 7, 2016, more than 30 days had passed since the entry of the final judgment, and therefore the circuit court no longer had subject-matter jurisdiction to alter or amend its December 9, 2011, sentencing order. Second, the use of a *nunc pro tunc* order to "correct" the MSR term in defendant's original sentencing order was not an appropriate exercise of the circuit court's authority to correct clerical errors in a judgment order. Our supreme court has explained that

> "the use of *nunc pro tunc* orders or judgments is limited to incorporating into the record something which was actually previously done by the court but inadvertently omitted by clerical error. It may not be used for supplying omitted judicial action, or correcting judicial errors under the pretense of correcting clerical errors." *People v. Melchor*, 226 Ill. 2d 24, 32-33 (2007).

¶ 16 Here, the circuit court was not attempting to conform the original sentencing order to the judgment it pronounced; during defendant's sentencing, the circuit court incorrectly stated that

defendant was subject to an MSR term of two years, and neither defense counsel nor the State directed the circuit court's attention to section 5-8-1(d)(4) of the Code of Corrections. There is nothing in the record that suggests that the circuit court's written sentencing order failed to conform to the judgment it pronounced. To the contrary, the circuit court was clearly of the mind that a two-year MSR term was the appropriate judgment. The circuit court's corrected January 7, 2016, sentencing order was an attempt to correct a judicial error reflected in the December 9, 2011, judgment, which in this case cannot be achieved with a *nunc pro tunc* order.

¶ 17 The State argues that the circuit court was revested with jurisdiction to enter the January 7, 2016, order because the parties appeared before the circuit court in May 2016 and defendant acquiesced to the new sentencing order. We disagree that the revestment doctrine applies to the situation before us. In *Bailey*, our supreme court explained that, under limited circumstances, the circuit court may be revested with jurisdiction after a judgment becomes final. Our supreme court explained that

> "for the revestment doctrine to apply, *both* parties must: (1) actively participate in the proceedings; (2) fail to object to the untimeliness of the late filing; *and* (3) assert positions that make the proceedings inconsistent with the merits of the prior judgment and support the setting aside of at least part of that judgment. If any one of those requirements remains unmet, the doctrine does not revest the court with jurisdiction." (Emphases in original.) *Bailey*, 2014 IL 115459, ¶ 25.

¶ 18 Here, as to *Bailey*'s first prong—whether both parties actively participated in the proceedings—we find that there was no active participation by either party on January 7, 2016, because neither party was present. On January 7, 2016, the circuit court, *sua sponte* acted without notice to either party and changed the sentencing order. The circuit court acted on its own initiative before giving the parties any notice that the sentencing order might be amended, thereby depriving defendant and the State of an opportunity to be heard on the matter, which is the opposite of active participation by the parties. Furthermore, we find that there was no active participation by the parties on May 27, 2016, either because neither party was proceeding on a motion or petition; the parties were present in court because defendant had sent a letter to the clerk of the circuit court, which was then forwarded to the trial judge, asking whether his original MSR term could be restored or whether he needed to file a postconviction petition. The State does not argue on appeal that defendant's letter should have been treated as a postconviction petition, and defendant expressly stated that he was not attempting to withdraw his guilty plea. The May 27, 2016, proceeding was initiated by the circuit court and was used to explain a substantive error in the original sentencing order. Neither party was seeking any relief from the circuit court, and thus neither party can be said to have actively participated in postjudgment proceedings.

¶ 19 The third prong for revestment is not satisfied either because both parties did not take positions inconsistent with the original judgment. The State remained mostly silent through the hearing, did not expressly take any position on the circuit court's change of the judgment order, and only spoke to inform the judge that defendant had completed his term of years and was serving his MSR in the IDOC until he could provide the IDOC with a viable living situation. Under these circumstances, we find that both parties did not take positions inconsistent with the original December 9, 2011, judgment. In sum, the revestment doctrine is inapplicable based on the facts before us.

¶ 20 The only other possible basis for the circuit court's jurisdiction to change the sentencing order is Illinois Supreme Court Rule 472 (eff. May 17, 2019), which the parties do not address. We do not fault the parties for not addressing Rule 472 because, while the rule provides that the circuit court retains jurisdiction to correct certain sentencing errors at any time following the entry of a final judgment, the correction of an erroneous MSR term is not one of the specified sentencing errors.

¶ 21 In sum, the circuit court's January 7, 2016, order is void and must be vacated. We specifically note that the only issue before us is whether the circuit court had jurisdiction to change the December 9, 2011, order in the manner that it did, over four year later by entering a *nunc pro tunc* order. Nothing in this opinion should be construed as anything other than the vacatur of an order entered by a court that lacked jurisdiction. We express no opinion as to the practical or consequential effects of vacating the January 7, 2016, sentencing order.

¶ 22                                      III. CONCLUSION

¶ 23 For the foregoing reasons, the judgment of the circuit court dismissing defendant's postconviction petition is affirmed. The circuit court's January 7, 2016, order is vacated.

¶ 24 Affirmed; order vacated.