**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 220381-U

Order filed October 5, 2023

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| SMS FINANCIAL RECOVERY SERVICES, LLC, assignee of MB FINANCIAL BANK, | ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois, |
| Plaintiff-Appellant, | ) | |
| | ) | Appeal No. 3-22-0381 |
| v. | ) | Circuit No. 10 CH 1632 |
| | ) | |
| | ) | Honorable |
| ENRIQUE A. RODRIGUEZ; | ) | Kenton J. Skarin, |
| GUADALUPE C. RODRIGUEZ; | ) | Judge, Presiding. |
| MI-HACIENDA, INC., an Illinois | ) | |
| corporation; E & L CARPET | ) | |
| CORPORATION, an Illinois corporation; | ) | |
| NON RECORD CLAIMANTS and | ) | |
| UNKNOWN OWNERS, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| (Enrique A. Rodriguez and Guadalupe C. Rodriguez, | ) ) | |
| | ) | |
| Defendants-Appellees). | ) | |

JUSTICE ALBRECHT delivered the judgment of the court.
Justices McDade and Hettel concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Circuit court properly vacated the *nunc pro tunc* order when plaintiff failed to provide sufficient notice of its motion to defendants.

¶ 2    Plaintiff, SMS Financial Recovery Services, LLC, appeals from the circuit court of Du Page County's granting of defendant's motion to vacate the judgment of foreclosure and sale, arguing that the court erred in its vacation order. We affirm.

¶ 3                              I. BACKGROUND

¶ 4    On March 23, 2010, MB Financial Bank, N.A., filed a verified complaint to foreclose a mortgage against defendants, Enrique A. Rodriguez; Guadalupe C. Rodriguez; Mi-Hacienda, Inc.; E & L Carpet Corporation; and all non-record claimants and unknown owners, for their failure to make payments on a September 11, 2007, promissory note secured by a mortgage. MB Financial alleged defendants were in default on the loan and that the total amount due was $646,083.09. MB Financial sought foreclosure on the property and a personal deficiency judgment against Enrique and Guadalupe if the proceeds from the sale were insufficient to satisfy the balance due. Defendants were served with the summons and complaint. An attorney appeared on their behalf in court but did not file an answer to the complaint.

¶ 5    On January 28, 2011, MB Financial filed a motion for default and a motion for summary judgment of foreclosure and sale. The motion for summary judgment requested a judgment of foreclosure and sale against the property, as well as an order that MB Financial was entitled to a personal deficiency judgment against Enrique and Guadalupe. Both motions and a memorandum in support of the motion for summary judgment were sent to defendants' attorney.

¶ 6    On February 16, 2011, the court granted MB Financial's motion for default. It also entered a judgment of foreclosure and sale which ordered that the property be sold at public sale by the Du Page County Sheriff's Department. The court's judgment further ordered that if the

sale resulted in insufficient funds to pay the amount owed, a personal judgment would be entered against Enrique and Guadalupe for the remaining balance.

¶ 7    The property was sold via sheriff's sale on March 22, 2011. The report of sale indicated the sale price as $371,710. On March 28, 2011, MB Financial filed a motion to confirm the sale. The motion contended that, including fees, costs, and interest, the final judgment in the matter was $749,892.60, leaving a total of $378,182.60 due and owing after the sale. MB Financial requested that the court enter a personal judgment against Enrique and Guadalupe for the deficiency in the judgment.

¶ 8    On April 5, 2011, the court entered an order confirming the sale. The order did not enter a deficiency judgment against defendants, however, and instead entered a deficiency judgment for the requested amount against the property.

¶ 9    On May 19, 2011, MB Financial filed a motion for a *nunc pro tunc* order to amend the order confirming the sheriff's sale. The motion asserted that the confirmation order found a deficiency judgment against the property, but the judgment of foreclosure specifically stated that the deficiency judgment would be entered against Enrique and Guadalupe. MB Financial requested that the April 5, 2011, order be corrected to reflect a judgment against Enrique and Guadalupe as originally requested. A notice of motion was sent to defendants' attorney. On June 3, 2011, the court granted MB Financial's motion without objection. The court's order indicated that the language in the April 5, 2011, order finding a judgment against the property would be substituted with language that found a personal deficiency judgment against Enrique and Guadalupe in the amount still owed to MB Financial after the sale.

¶ 10    On February 26, 2019, MB Financial filed a petition to revive the judgment, which was served on defendants. The petition attached both the April 5, 2011, and the June 3, 2011, orders.

3

Defendants did not respond to the petition. On March 26, 2019, the court entered an order reviving the judgment.

¶ 11 On February 1, 2021, SMS filed a notice of assignment showing that, due to a merger and subsequent assignment, it had been assigned the outstanding personal deficiency judgment against Enrique and Guadalupe.

¶ 12 On April 13, 2022, Enrique and Guadalupe filed a motion to vacate the deficiency judgment entered against them. The motion argued that the motion for the *nunc pro tunc* order should have been personally served upon them pursuant to Illinois Supreme Court Rule 105, and that MB Financial failed to comply with that rule. Ill. S. Ct. R. 105 (eff. Jan. 1, 2018). Enrique and Guadalupe further argued the *nunc pro tunc* motion sought new or additional relief against them, and because they were not properly served, the court had no personal jurisdiction over them when it entered the June 3, 2011, order.

¶ 13 On May 19, 2022, the court granted the motion to vacate; however, it was not for the grounds argued in the motion. The court found that it lacked jurisdiction to enter the *nunc pro tunc* order, because the motion to enter the order had been filed more than thirty days after the April 5, 2011, order was entered. The court determined that the only method MB Financial could use to amend the April 5, 2011, order would have been under 735 ILCS 5/2-1401 (West 2010), and the *nunc pro tunc* motion did not meet the requirements under the statute. Because it found that no jurisdiction existed to enter the June 3, 2011, order, the court vacated the personal deficiency judgment against Enrique and Guadalupe.

¶ 14 On June 15, 2022, SMS filed a motion to reconsider. The court denied the motion, and SMS appealed.

¶ 15 II. ANALYSIS

¶ 16    On appeal, SMS argues that the court erred in vacating the June 3, 2011, *nunc pro tunc* order and asks that we reverse this decision. 735 ILCS 5/2-1401 (West 2010). Generally, courts lack jurisdiction to modify final orders once thirty days have elapsed from the entry of that order. *Bradley v. Burrell*, 97 Ill. App. 979, 981 (1981). However, a court may enter a *nunc pro tunc* order even if those thirty days have passed. *Krilich v. Plencer*, 305 Ill. App. 3d 709, 712 (1999). "*Nunc pro tunc* literally means, 'now for then.' " *Gagliano v. 714 Sheridan Venture*, 144 Ill. App. 3d 854, 856 (1986). The purpose of such an order is to make the record "speak now for what was actually done then." *Kooyenga v. Hertz Equipment Rentals, Inc.*, 79 Ill. App. 3d 1051, 1055 (1979)). A circuit court's authority to issue a *nunc pro tunc* order comes from two sources: the court's authority to do justice and the power to control its own records and ensure that they reflect the truth. *Krilich*, 305 Ill. App. 3d at 712.

¶ 17    *Nunc pro tunc* orders may be entered to correct clerical errors. *Id.* at 712-13. A proper *nunc pro tunc* order must seek to make a clerical correction that is based on a note, memorandum, or paper in the file or in the record indicating that the omission or mistake was inadvertent. *Z.R.L. Corp. v. Great Central Ins. Co.*, 201 Ill. App. 3d 843, 845 (1990). Such an order may be entered at any time, provided that notice is given to the parties. See *In re Marriage of Hirsch*, 135 Ill. App. 3d 945, 955 (1985). A *nunc pro tunc* order entered without proper notice is considered a nullity and is therefore unauthorized. See *People v. Wos*, 395 Ill. 172, 178 (1946).

¶ 18    Although on appeal the parties argue whether the *nunc pro tunc* order entered was proper, we need not address this issue here. Before reaching this issue, we find that proper notice was not given to Enrique and Guadalupe, as notice was mailed to the attorney of record and not sent directly to them. While notice to an attorney is generally considered notice to the client, such notice is not valid after the relationship between the attorney and client has concluded. *Allord v.*

5

*Municipal Officers Electoral Board for the Village of South Chicago Heights*, 288 Ill. App. 3d 897, 902 (1997). "If a lawyer's employment is limited to a specific matter, the relationship terminates when the matter has been resolved." *SWS Financial Fund A v. Salomon Brothers, Inc.*, 790 F. Supp. 1392, 1398 (1992). When an attorney-client relationship exists for the purpose of representation during a civil suit, the relationship expires upon the rendition of judgment, unless specially continued by the parties. *Allord*, 288 Ill. App. 3d at 902.

¶ 19        MB Financial's motion for the *nunc pro tunc* order was filed 44 days after the litigation concluded. See *Citimortgage, Inc. v. Sharlow*, 2014 IL App (3d) 130107, ¶ 19 (an order confirming or approving the sale of the foreclosed property concludes the litigation in a foreclosure action). Thus, the relationship between Enrique, Guadalupe, and their attorney had already terminated when MB Financial mailed the notice of the motion to the attorney. See *SWS Financial Fund A*, 790 F. Supp. at 1398. Notice should have been mailed to Enrique and Guadalupe, and MB Financial's failure to do so invalidates the notice and any action taken thereafter. *Wos*, 395 Ill. at 178. Therefore, the June 3, 2011, *nunc pro tunc* order was invalid because notice was not properly given, and the circuit court did not err when it vacated the order.

¶ 20                                III. CONCLUSION

¶ 21        For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

¶ 22        Affirmed.