**2023 IL 128824**

# IN THE

# SUPREME COURT

# OF

# THE STATE OF ILLINOIS

_____

(Docket No. 128824)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v.
JEAN FUKAMA-KABIKA, Appellant.

*Opinion filed November 30, 2023.*

CHIEF JUSTICE THEIS delivered the judgment of the court, with opinion.

Justices Neville, Overstreet, Cunningham, Rochford, and O'Brien concurred in the judgment and opinion.

Justice Holder White took no part in the decision.

**OPINION**

¶ 1     The question presented in this appeal is whether the trial court retains jurisdiction under Illinois Supreme Court Rule 472 (eff. May 17, 2019) to correct an omission in its written sentencing order to include a term of mandatory

supervised release (MSR) that the court had previously informed the defendant of and that "is included in the sentence as a matter of law." *Round v. Lamb*, 2017 IL 122271, ¶ 16. For the following reasons, we hold that Rule 472 authorizes the trial court to make such a correction. We therefore affirm the appellate court's judgment.

¶ 2                                                    BACKGROUND

¶ 3        In May 2015, the State charged defendant Jean Fukama-Kabika with one count of criminal sexual assault (720 ILCS 5/11-1.20(a)(1) (West 2014)), one count of criminal sexual abuse (*id.* § 11-1.50(a)), and one count of unlawful restraint (*id.* § 10-3(a)). Defendant later was charged with a second count of criminal sexual assault. *Id.* § 11-1.20.

¶ 4        On the first day of trial, outside the prospective jurors' presence, the Champaign County court advised defendant of the potential penalties if the jury were to find him guilty. The court noted that, in count I, defendant was charged with criminal sexual assault, a Class 1 felony. The court explained that defendant would face a "penitentiary sentence of not less than four nor more than fifteen years," as well as "a period of mandatory supervised release of three years up to natural life." The court noted that count II, criminal sexual abuse, was a Class 4 felony. If he was found guilty on that count, defendant would face a sentence of one to three years in prison and a one-year period of MSR.

¶ 5        On count III, unlawful restraint, the trial court explained that the offense was a Class 4 felony. If he was found guilty on that count, defendant would face one to three years in prison and an MSR period of one year. And on count IV, the second charge of criminal sexual assault, the court reiterated that the offense was a Class 1 felony and that defendant would face "four to fifteen years in prison" and "mandatory supervised release of three years to natural life." The court also explained that, if defendant was found guilty of both counts of criminal sexual assault, "any sentences would run consecutive, one to the other." Defense counsel confirmed that the trial court had accurately informed defendant of the potential penalties.

¶ 6        After the jury was selected and the parties presented opening arguments, the victim, arresting officers, and other witnesses testified for the State. Defendant and

two witnesses testified for the defense. The State then recalled the victim as a rebuttal witness. After the parties presented closing arguments, the trial court instructed the jury on the applicable law. On May 19, 2017, the jury found defendant guilty of all charges.

¶ 7        At the sentencing hearing on October 27, 2017, on count I, criminal sexual assault, the trial court sentenced defendant to seven years in prison. That sentence was "consecutive to a seven-year sentence" for count IV, the second charge of criminal sexual assault. On count II, criminal sexual abuse, the trial court imposed a three-year sentence that would run concurrently with the sentences in counts I and IV. And on count III, unlawful restraint, the court sentenced defendant to a term of one year in prison that ran consecutively to counts I and IV. The trial court did not mention the MSR terms during the sentencing hearing. That same day, a written sentencing order was entered. In relevant part, the order stated that defendant was sentenced to an MSR term of "3 years" on counts I and IV and an MSR period of "1 year" on counts II and III.

¶ 8        In November 2017, defendant filed a notice of appeal. On direct appeal, defendant claimed that (1) the trial court erred when providing its instructions to the jurors under Illinois Supreme Court Rule 431(b) (eff. July 1, 2012), (2) the trial court violated his constitutional right to a public trial when it excused one of defendant's "supporters" who was caught shaking hands with a juror as they exited the courtroom during jury selection, (3) the trial court erred when it permitted the victim to be recalled in rebuttal, and (4) defendant was denied a fair trial when the prosecutor improperly shifted the burden of proof to defendant and improperly vouched for the victim's credibility during his closing argument.

¶ 9        Meanwhile, on February 25, 2019, a record office supervisor at the Danville Correctional Center addressed a letter to the trial court. In relevant part, the supervisor noted that defendant's sentencing order indicated that his MSR period on counts I and IV was three years. Referencing section 5-8-1(d)(4) of the Unified Code of Corrections (730 ILCS 5/5-8-1(d)(4) (West 2014)) and *People v. Rinehart*, 2012 IL 111719, ¶ 30, the supervisor observed that the sentence should have included an MSR term of three years to life. She asked the trial court to send her "the amended order, issued *nunc pro tunc* to the original sentencing date."

¶ 10        The record office supervisor evidently mailed the letter to the prosecutor who tried the case, instead of mailing it to the trial court. On March 1, 2019, the prosecutor forwarded the letter to the trial court, noting, in part, that the court had the authority to amend the written sentencing order under Rule 472. The prosecutor also offered to "file a formal motion" upon the court's request. That same day, apparently without providing notice to the parties, the trial court issued an amended order confirming that defendant's MSR term on counts I and IV was "3 years to natural life." The order noted that it was "effective *nunc pro tunc* as of October 27, 2017."

¶ 11        In July 2020, while his direct appeal was still pending, defendant filed a petition for postconviction relief. In his postconviction petition, defendant contended that (1) appellate counsel was ineffective for failing to raise the claims set forth in the postconviction petition; (2) the trial court violated his constitutional rights by denying his motion to suppress statements that he made to the police when he had not been provided *Miranda* warnings (see *Miranda v. Arizona*, 384 U.S. 436 (1966)); (3) trial counsel was ineffective for failing to object to the State's improper presentation of rebuttal evidence; (4) he was denied a fair trial "where the State was permitted to introduce unfounded and prejudic[ial] evidence via other witnesses that was hearsay"; (5) he was deprived of an impartial jury due to improper *Zehr* admonishments (*People v. Zehr*, 103 Ill. 2d 472 (1984)); (6) he was denied a fair trial based on the State's comments that shifted the burden of proof; (7) he was denied a fair trial by the State's delayed disclosure of a witness; and (8) he was denied a fair trial based on the cumulative effects of trial counsel's errors.

¶ 12        On July 29, 2020, the trial court entered an order dismissing the petition at the first stage as frivolous and patently without merit. In early August 2020, defendant filed a notice of appeal from the trial court's dismissal of his postconviction petition. The appellate court appointed the Office of the State Appellate Defender to represent defendant that same day. Separately, on August 11, 2020, the appellate court resolved defendant's direct appeal by affirming the trial court's judgment.

¶ 13        In June 2022, the appellate court affirmed the trial court's dismissal of defendant's postconviction petition. 2022 IL App (4th) 200371-U, ¶ 36. In relevant part, defendant argued that the trial court lacked jurisdiction to correct the written sentencing order to reflect the term of MSR required by law. *Id.* ¶ 9. The appellate

court found that the trial court was powerless to impose a term of MSR other than that provided by statute, namely, three years to natural life. The appellate court determined that the trial court's misstatement of the MSR term on the written sentencing order was a clerical error. *Id.* ¶ 34. And it observed that Rule 472 permits the circuit court to retain jurisdiction to correct clerical errors " 'resulting in a discrepancy between the record and the actual judgment of the court.' " *Id.* (quoting Ill. S. Ct. R. 472(a)(4) (eff. May 17, 2019)). Because defendant's sentence for criminal sexual assault included an MSR period of three years to life and the written sentencing order simply read three years, the appellate court ruled that the trial court had jurisdiction to issue a corrected sentencing order. *Id.*

¶ 14     This court granted defendant's petition for leave to appeal. Ill. S. Ct. R. 315(a) (eff. Oct. 1, 2021).

¶ 15                                    ANALYSIS

¶ 16     At issue is whether, pursuant to Rule 472, the trial court retained jurisdiction to correct an omission in the written sentencing order that created a discrepancy between the statutorily required MSR term and the written sentencing order. "Interpretation of the Illinois Supreme Court rules is governed by the same principles as statutory interpretation." *McCarthy v. Taylor*, 2019 IL 123622, ¶ 17. When construing one of this court's rules, our primary goal is to ascertain and give effect to the drafters' intent. *Ferris, Thompson & Zweig, Ltd. v. Esposito*, 2017 IL 121297, ¶ 22. We begin our interpretation with the language of the rule, given its plain and ordinary meaning. *McCarthy*, 2019 IL 123622, ¶ 17. And in determining the plain meaning of the rule's terms, "a court must consider the rule in its entirety, keeping in mind the subject it addresses and the apparent intent of the drafters in enacting it." *Ferris*, 2017 IL 121297, ¶ 22.

¶ 17     Rule 472 is titled "Correction of Certain Errors in Sentencing." Ill. S. Ct. R. 472 (eff. May 17, 2019)). In relevant part, it provides that

"[i]n criminal cases, the circuit court retains jurisdiction to correct the following sentencing errors at any time following judgment and after notice to the parties, including during the pendency of an appeal, on the court's own motion, or on motion of any party:

> (1) Errors in the imposition or calculation of fines, fees, assessments, or costs;
>
> (2) Errors in the application of *per diem* credit against fines;
>
> (3) Errors in the calculation of presentence custody credit; and
>
> (4) Clerical errors in the written sentencing order or other part of the record resulting in a discrepancy between the record and the actual judgment of the court." Ill. S. Ct. R. 472(a) (eff. Mar. 1, 2019).

¶ 18   As demonstrated by its plain language, Rule 472 was enacted, in large part, to provide the trial court with jurisdiction to correct certain sentencing errors in criminal cases at any time after judgment without requiring this court's intervention through a writ of *mandamus*. Among the errors that Rule 472 authorizes the trial court to correct are "[c]lerical errors in the written sentencing order or other part of the record resulting in a discrepancy between the record and the actual judgment of the court." Ill. S. Ct. R. 472(a)(4) (eff. May 17, 2019).

¶ 19   This court must therefore determine whether the omission of the phrase "to natural life" from the written sentencing order constituted a clerical error that the trial court had jurisdiction to correct under Rule 472. As courts have observed, the "distinction between a clerical error and a judicial one does not depend so much upon the source of the error as upon whether it was the deliberate result of judicial reasoning and determination." *Dauderman v. Dauderman*, 130 Ill. App. 2d 807, 810 (1970); see *First Bank of Oak Park v. Rezek*, 179 Ill. App. 3d 956, 959 (1989).

¶ 20   As we described above, on the first day of trial, the court went through each of the charges and advised defendant of the potential penalties. For each count of criminal sexual assault, the trial court informed defendant that he would face an MSR term of three years to natural life if he were convicted. See 730 ILCS 5/5-8-1(d)(4) (West 2014) (noting that "for defendants who commit the offense of *** criminal sexual assault, on or after [December 13, 2005,] *** the term of mandatory supervised release shall range from a minimum of 3 years to a maximum of the natural life of the defendant"). Defense counsel agreed with the trial court that it had correctly stated the potential penalties.

¶ 21        Thus, the trial court, defense counsel, defendant, and the prosecutor all understood that defendant faced an MSR term of three years to natural life upon his conviction for criminal sexual assault. Accordingly, the record shows that the failure to include the phrase "to natural life" in the written sentencing order was not the deliberate result of judicial reasoning and determination. See also *Round*, 2017 IL 122271, ¶ 16 (ruling that "the MSR term is included in the sentence as a matter of law and *** the failure to include the term in the written sentencing order does not on its own invalidate the sentence or any part of it"). Therefore, we hold that the omission of that phrase in the written sentencing order was a clerical error, and the trial court possessed jurisdiction to correct it under Rule 472.

¶ 22        Contrary to defendant's claim, we do not hold that Rule 472 permits a trial court to arbitrarily increase a defendant's MSR term at any time. Rather, we hold that when, as here, a portion of the statutorily mandated MSR term was erroneously omitted from the written sentencing order, the trial court retains jurisdiction under Rule 472 to correct the error.

¶ 23        Defendant's heavy reliance on *People v. Lake*, 2020 IL App (1st) 170309, is misplaced. There, when the defendant was pleading guilty to one count of criminal sexual assault, the trial court admonished him that the sentencing range was 4 to 15 years in prison and that he would be required to serve a 2-year MSR term. *Id.* ¶ 5. Then in January 2016, more than four years after the court sentenced the defendant, the Illinois Department of Corrections sent a letter to the trial court stating that his conviction required an MSR term of three years to natural life. *Id.* ¶ 6. Upon receiving the letter, the trial court *sua sponte*, and without notice to the defendant or the State, changed the sentencing order to reflect an MSR term of three years to natural life. *Id.*

¶ 24        On appeal, the parties did not address whether Rule 472, which had recently been enacted, applied. *Id.* ¶ 20. The appellate court ultimately ruled that the sentencing order could not be changed through a *nunc pro tunc* order because the trial court was not correcting a clerical error in the original sentencing order but was instead correcting a substantive legal error regarding the MSR term. *Id.* ¶ 2. The court further observed that, in January 2016, more than 30 days had passed since the entry of the final judgment and, thus, the trial court no longer had subject-matter jurisdiction to alter or amend its December 9, 2011, sentencing order. *Id.*

¶ 15. As it vacated the trial court's order from January 2016, the appellate court emphasized that "[n]othing in this opinion should be construed as anything other than the vacatur of an order entered by a court that lacked jurisdiction." *Id.* ¶ 21.

¶ 25        Here, by contrast, the trial court understood and advised defendant of the correct MSR term before it sentenced him. The omission of the full term from the written sentencing order constituted a clerical error that could be corrected under Rule 472, which expressly provides that the trial court retains jurisdiction to correct such errors. We further hold that, because Rule 472 provides that the trial court has jurisdiction under circumstances like these, to the extent that it holds otherwise, *Lake*, 2020 IL App (1st) 170309, is overruled.

¶ 26        Defendant in this case mistakenly claims that permitting a trial court to correct a clerical error under Rule 472 would revive the "void sentence rule" that we jettisoned in *People v. Castleberry*, 2015 IL 116916, ¶ 1. The "void sentence rule" presupposed that, when a trial court failed to include a statutory requirement during sentencing, it acted without " 'inherent power.' " *Id.* ¶ 13. Thus, under the void sentence rule, the trial court acted without jurisdiction when it rendered such a sentence. *Id.* In *Castleberry*, this court abolished that rule, clarifying that "the failure to comply with a statutory requirement or prerequisite does not negate the circuit court's subject matter jurisdiction." *Id.* ¶ 15.

¶ 27        Here, as we explained above, after Rule 472's enactment, the trial court retains jurisdiction to correct clerical errors in a written sentencing order, including the omission of a statutorily mandated MSR term. Defendant's claim about the void sentence rule is simply inapposite.

¶ 28        Defendant raises two additional, related arguments. According to defendant, this court should not interpret Rule 472 to (1) permit the State to file a motion to increase a defendant's sentence at any time without filing a writ of *mandamus* or (2) allow the Illinois Department of Corrections to order a trial court to increase a defendant's sentence. Both arguments rest on a misunderstanding of the rule and a misconception of the record. Rule 472 does not address situations where the State or any other entity seeks to increase a defendant's sentence after judgment, nor is that what occurred in this case. Under Rule 472, the trial court retains jurisdiction, on its own motion or by motion of a party, and after notice to the parties, to correct clerical and other sentencing errors, such as the failure to include on the written

sentencing order a statutorily required MSR term. In this case, the record supervisor from the Danville Correctional Center notified the trial court of its erroneous omission on the written sentencing order, but the trial court itself determined that the error warranted correction. Rule 472(a)(4) authorized the court to take that action on its own motion.

¶ 29 That said, we would be remiss not to note that the trial court did not follow the proper procedure in correcting the written sentencing order. In part, Rule 472 specifies that the trial court is authorized to correct an error that falls within the scope of the rule "after notice to the parties." Ill. S. Ct. R. 472(a) (eff. May 17, 2019). Nothing in the record shows that the parties were provided with notice before the trial court issued its revised sentencing order. This court has repeatedly explained that our rules "are not suggestions; rather, they have the force of law, and the presumption must be that they will be obeyed and enforced as written." *People v. Campbell*, 224 Ill. 2d 80, 87 (2006). We expect trial courts to comply with the entirety of Rule 472 going forward.

¶ 30 CONCLUSION

¶ 31 For these reasons, Rule 472 authorizes a trial court to correct a clerical error in a written sentencing order. The trial court retained jurisdiction to correct such an error in this case. Therefore, we affirm the judgments of the trial and appellate courts.

¶ 32 Affirmed.

¶ 33 JUSTICE HOLDER WHITE took no part in the consideration or decision of this case.