# Illinois Official Reports

## Appellate Court

---

### *People v. Wilson*, 2017 IL App (3d) 150165

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DAEJOHN WILSON, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-15-0165 |
| Filed | April 5, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Peoria County, No. 14-CF-573; the Hon. Kevin W. Lyons, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Michael J. Pelletier, Patricia Mysza, and Ross E. Allen, of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Gerald W. Brady, Jr., State's Attorney, of Peoria (Patrick Delfino and Dawn D. Duffy, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE WRIGHT delivered the judgment of the court, with opinion.<br>Justices Carter and Schmidt concurred in the judgment and opinion. |

**OPINION**

¶ 1        Defendant, Daejohn Wilson, appeals from his convictions for aggravated battery and unlawful possession of a firearm. Defendant argues that (1) his sentence is excessive and (2) he is subject to an unauthorized crimestopper's fine. We affirm.

¶ 2                                          FACTS

¶ 3        Defendant was charged by indictment with aggravated battery (720 ILCS 5/12-3.05(e)(1) (West 2014)), a Class X felony, and unlawful possession of a firearm (720 ILCS 5/24-3.1(a)(2) (West 2014)), a Class 4 felony. Count I alleged defendant shot and injured Bilal Marcus Wilkins by discharging a firearm. Count II alleged defendant was under 21 years of age, and he knowingly possessed a handgun after he had been adjudicated a delinquent for the offense of aggravated battery in case No. 11-JD-158. A jury found defendant guilty of both charges. The court ordered a presentence investigation report (PSI) and set the cause for a sentencing hearing.

¶ 4        At the sentencing hearing, defendant's mother, Carsanders Devine, testified that defendant was assigned an individualized education plan (IEP) when he was in kindergarten. Defendant continued in the IEP until he dropped out of school in the 12th grade. While he was growing up, defendant was subjected to bullying. During his teenage years, defendant received mental health services until the program was terminated due to budget cuts.

¶ 5        Defendant's PSI indicated he was 19 years old at the time of sentencing and he had several prior juvenile offenses. The PSI stated defendant's medical records included diagnoses for depressive disorder, oppositional defiant disorder, and cannabis abuse. Defendant's educational records included several disciplinary actions and details of defendant's twelfth-grade expulsion. As of the date of the PSI, defendant had not earned his high school or general education diploma.

¶ 6        Defendant included with his PSI nine letters from family and community members. The letters each attested to defendant's good character. In a letter to the court, defendant said he had obtained certifications in welding, blue-print reading, construction, and Bible study.

¶ 7        In allocution, defendant apologized for the situation that led to the criminal charges, with the caveat that he was provoked. Defendant contended he had been subject to bullying and had acted to protect himself.

¶ 8        After discussing the evidence and factors in mitigation and aggravation, the court stated it had considered the letters sent by defendant's family and friends. The court also discussed Devine's testimony about seeking treatment for defendant's mental illness when defendant was a child; the reports of defendant's misbehavior while in school, which included an expulsion; and defendant's juvenile adjudications. The court sentenced defendant to 18 years' imprisonment for aggravated battery and a concurrent term of 3 years' imprisonment for unlawful possession of a firearm. The court also entered a detailed supplemental sentencing order that imposed multiple costs, including a $25 "Crimestopper Fee." The supplemental order offset defendant's fines by 201 days of $5-per-day credit. The order imposed a total of $842 in charges. Defendant appeals.

ANALYSIS

## I. Excessive Sentence

Defendant argues his sentence is excessive because the court failed to adequately consider in mitigation his youth, mental health issues, and potential for rehabilitation. Because defendant points to no evidence refuting the court's consideration of these factors and the sentences were within the statutory ranges, we conclude defendant's sentences were not the result of an abuse of discretion.

The court's sentencing determination is entitled to great deference and will not be altered absent an abuse of discretion. *People v. Alexander*, 239 Ill. 2d 205, 212 (2010). "A sentence will be deemed an abuse of discretion where the sentence is 'greatly at variance with the spirit and purpose of the law, or manifestly disproportionate to the nature of the offense.' " *Id.* (quoting *People v. Stacey*, 193 Ill. 2d 203, 210 (2000)). Generally, we will not substitute our judgment for that of the circuit court as the circuit court had the opportunity to consider defendant's credibility, demeanor, general moral character, mentality, social environment, habits, and age. *Id.* at 212-13. We presume that a sentence that falls within the statutory range is not excessive. *People v. Busse*, 2016 IL App (1st) 142941, ¶ 27.

Defendant's Class X felony conviction for aggravated battery carried a sentencing range of 6 to 30 years' imprisonment. 720 ILCS 5/12-3.05(h) (West 2014); 730 ILCS 5/5-4.5-25(a) (West 2014). Defendant's Class 4 felony conviction for unlawful possession of a firearm carried a sentencing range of one to three years' imprisonment. 720 ILCS 5/24-3.1(b) (West 2014); 730 ILCS 5/5-4.5-45(a) (West 2014).

Defendant's sentences of 18 years' imprisonment for aggravated battery and 3 years' imprisonment for unlawful possession of a firearm were within the applicable sentencing range and are presumptively valid. *Busse*, 2016 IL App (1st) 142941, ¶ 27. Moreover, we presume that, in imposing these sentences, the court considered the relevant factors in mitigation. *Id.* ¶ 22. This presumption is only overcome by affirmative evidence showing the court failed to consider the mitigating factors. *Id.*

Here, defendant has not cited any affirmative evidence to show the court did not sufficiently consider the mitigating factors of defendant's youth, history of mental illness, and potential for rehabilitation. To the contrary, the court first stated it had considered the factors in mitigation. The court then explained it had considered defendant's PSI, which contained the relevant information about defendant's age and history of mental illness and Devine's testimony that she sought treatment for defendant's mental illness when he was a child. Therefore, the record establishes that the court adequately considered the relevant factors in mitigation, and defendant's sentences were not the result of an abuse of discretion.

## II. Crimestopper's Fine

Defendant argues the court erred in imposing a $25 "Crimestopper's fine"[1] because the fine is only statutorily authorized following the imposition of a sentence of probation or court

---

[1]In his brief, defendant refers to this assessment as the "Crimestopper's fine"; however, in the supplemental sentencing order, this charge is titled "Crimestopper Fee." As authority for this charge, the order cites to section 5-6-3(b)(13) of the Unified Code of Corrections (Code). 730 ILCS 5/5-6-3(b)(13) (West 2014). This subsection does not include the "crimestopper" title or "fine" or "fee" designation. In *People v. Dowding*, 388 Ill. App. 3d 936, 948 (2009), the second district found that an

- 3 -

supervision and defendant was sentenced to a term of incarceration. The State argues the crimestopper's fine cannot be vacated because, in *People v. Castleberry*, 2015 IL 116916, ¶ 17, the supreme court abolished the void sentence rule, upon which the defendant relies.

¶ 18 The State misconstrues defendant's argument. Defendant acknowledges he forfeited review of the crimestopper's fine, but he argues that *Castleberry* does not prohibit a vacatur because (1) *Castleberry* limited a reviewing court's authority to "address a request by the State to increase a criminal sentence which is illegally low" and he is seeking elimination of a statutorily unauthorized fine (*id.* ¶¶ 25-26) and (2) the unauthorized crimestopper's fine may be reviewed under the second prong of the plain error doctrine (see *People v. Lewis*, 234 Ill. 2d 32, 47-49 (2009)).

¶ 19 We find defendant did not raise this issue in the circuit court, and therefore, it is forfeited. *People v. Enoch*, 122 Ill. 2d 176, 186 (1988) (defendant forfeits appellate review when he does not object to an issue in the circuit court or include it in a posttrial motion). Moreover, the crimestopper's fine was imposed by the circuit court that had jurisdiction to impose fines, and therefore, it is merely voidable and not void. *People v. Buffkin*, 2016 IL App (2d) 140792, ¶ 6. Unlike a void order, which can be challenged at any time, a voidable fine is subject to forfeiture. *People v. Higgins*, 2014 IL App (2d) 120888, ¶ 7. As defendant does not challenge the jurisdiction of the circuit court, his argument is forfeited. Defendant seeks to avoid forfeiture by arguing the crimestopper's fine is reversible under the second prong of the plain-error doctrine.

¶ 20 The plain-error doctrine allows a reviewing court to consider an unpreserved issue where "a clear or obvious error occurred and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process." *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007). Under the second prong, "[p]rejudice to the defendant is presumed because of the importance of the right involved." *People v. Herron*, 215 Ill. 2d 167, 187 (2005). Defendant bears the burden to "show that the error caused a *severe* threat to the fairness" of the proceeding. (Emphasis in original.) *People v. Hopp*, 209 Ill. 2d 1, 12 (2004). The first step of plain error review is to determine if the court erred. *People v. Thompson*, 238 Ill. 2d 598, 613 (2010).

¶ 21 Here, the court signed a supplemental sentencing order, which delineated each of the fines and fees imposed with statutory authority. In doing so, the court clearly imposed a $25 crimestopper's fine under section 5-6-3 of the Code. 730 ILCS 5/5-6-3(b)(13) (West 2014). Section 5-6-3 of the Code provides that this charge may only be imposed where defendant is sentenced to a term of probation. *Id.* Because defendant was sentenced to concurrent terms of imprisonment, the court erred in imposing the crimestopper's fine. *Id.*

¶ 22 Finding error, we must now determine if the error is reversible under the second prong. Defendant cites *Lewis*, 234 Ill. 2d 32, in support of his argument that an unauthorized fine is reversible under the second prong of plain error. For the reasons that follow, we find the crimestopper's fine is not reversible under the second prong.

¶ 23 In *Lewis*, 234 Ill. 2d at 49, our supreme court held the circuit court's imposition of a street-value fine without conducting an evidentiary hearing was reversible plain error under

_____

assessment imposed under section 5-6-3(b)(13) of the Code (730 ILCS 5/5-6-3(b)(13) (West 2006)), which it called the "Crime Stoppers charge," was a fine. Accordingly, we find that the charge at issue is properly recognized as the crimestopper's fine.

the second prong. See also 730 ILCS 5/5-9-1.1(a) (West 2004). Specifically, section 5-9-1.1(a) of the Code required the circuit court to hold an evidentiary hearing to determine the amount of the street value of the narcotics seized before imposing the fine. *Lewis*, 234 Ill. 2d at 44-45. The circuit court's failure to hold such a hearing deprived defendant of fair process in determining the amount of the fine. *Id.* at 48. As a result, the supreme court found the imposition of the fine without evidentiary support implicated defendant's right to a fair sentencing hearing and was second prong plain error. *Id.*

¶ 24 In contrast to *Lewis*, the instant court's imposition of the crimestopper's fine does not deny defendant fair process. Section 5-6-3(b)(13) of the Code did not require the court to hold a hearing or make a factual determination before imposing the crimestopper's fine. 730 ILCS 5/5-6-3(b)(13) (West 2014). Therefore, the fairness concerns at issue in *Lewis* are not implicated in the present case.

¶ 25 More importantly, in this case, the trial court awarded defendant 201 days worth of $5-per-day credit for a total credit of $1005. After reviewing the supplemental sentencing order, we recognize the $1005 in awarded credit more than covers the $185 in charges that are judicially classified as fines and compensable by the $5-per-day credit. The issue concerning the crimestopper's fine is moot because the fine may be legally satisfied by the application of defendant's $5-per-day credit. See *Dowding*, 388 Ill. App. 3d at 947-48 (applying the $5-per-day credit to defendant's "$10 Crime Stoppers fine"); 725 ILCS 5/110-14(a) (West 2014). Specifically, the case law provides a fine is part of defendant's sentence, and once it is satisfied, any challenge to the fine is rendered moot. See *People v. Lynn*, 102 Ill. 2d 267, 272-73 (1984) (completion of a defendant's sentence renders any challenge to the sentence moot). Therefore, the court's award of $1005 of $5-per-day credit has rendered defendant's challenge to the crimestopper's fine moot.

¶ 26                                    CONCLUSION
¶ 27 The judgment of the circuit court of Peoria County is affirmed.

¶ 28 Affirmed.