# Illinois Official Reports

## Appellate Court

---

### *People v. Whittenburg*, 2019 IL App (1st) 163267

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. FRANSHAWN WHITTENBURG, Defendant-Appellant. |
| District & No. | First District, First Division<br>Docket No. 1-16-3267 |
| Rehearing denied | May 23, 2019 |
| Filed | May 28, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 14-CR-11116; the Hon. Marguerite Anne Quinn, Judge, presiding. |
| Judgment | Appeal dismissed; remanded. |
| Counsel on Appeal | James E. Chadd, Patricia Mysza, John R. Breffeilh, and Sharifa Rhamany, of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Kimberly M. Foxx, State's Attorney, of Chicago (Alan J. Spellberg, Douglas P. Harvath, and Phyllis Warren, Assistant State's Attorneys, of counsel), for the People. |

JUSTICE PIERCE delivered the judgment of the court, with opinion. Presiding Justice Mikva and Justice Walker concurred in the judgment and opinion.

## OPINION

¶ 1       Defendant, Franshawn Whittenburg, pursuant to a negotiated guilty plea, was convicted of criminal damage to property and theft and sentenced to concurrent prison terms of six years with fines and fees imposed. Defendant subsequently filed a petition for relief from judgment, asserting that his conviction was void. 735 ILCS 5/2-1401 (West 2016). The circuit court denied defendant's petition, and he filed a notice of appeal on October 27, 2016. In this court, defendant abandons any argument as to whether his conviction is void. Instead, his sole argument—raised for the first time on appeal—is that certain of his fees are actually fines for which he should receive credit for his presentencing custody.

¶ 2                                   I. ANALYSIS

¶ 3       Illinois Supreme Court Rule 472(a) (eff. May 17, 2019), provides that the circuit court retains jurisdiction to correct—at any time following judgment—errors in the imposition or calculation of fees, fines, assessments, or costs; the application of *per diem* credit against fines; the calculation of presentence custody credit; and clerical errors in the circuit court's written sentencing order or written record resulting in a discrepancy between the record and the judgment. Rule 472(e) provides

> "In all criminal cases pending on appeal as of March 1, 2019, or appeals filed thereafter in which a party has attempted to raise sentencing errors covered by this rule for the first time on appeal, the reviewing court shall remand to the circuit court to allow the party to file a motion pursuant to this rule." Ill. S. Ct. R. 472(e) (eff. May 17, 2019).

¶ 4       Here, defendant raises his alleged sentencing errors for the first time on appeal, and he does not advance any argument directed at the circuit court's judgment from which he appeals. The relief he seeks is squarely covered by Rule 472(a). By rule, defendant must first file a motion in the circuit court requesting the correction of any sentencing errors specified in Rule 472(a).

¶ 5                                  II. CONCLUSION

¶ 6       Pursuant to Rule 472(e), we dismiss defendant's appeal and remand to the circuit court of Cook County to allow defendant to file a motion pursuant to Rule 472 challenging the fees and fines imposed as a part of his sentence.

¶ 7       Appeal dismissed; remanded.