**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 180756-U

Order filed July 20, 2021

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-18-0756 Circuit No. 14-CF-573 |
| | ) | |
| DAEJOHN WILSON, | ) ) | Honorable Paul P. Gilfillan, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE O'BRIEN delivered the judgment of the court.
Presiding Justice McDade and Justice Daugherity concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:   The circuit court did not err in dismissing defendant's postconviction petition at the first stage.

¶ 2    Defendant, Daejohn Wilson, appeals from the first-stage dismissal of his postconviction petition. Defendant argues that he presented the gist of an ineffective assistance of counsel claim. We affirm.

¶ 3                                          I. BACKGROUND

¶ 4 The State charged defendant with aggravated battery (720 ILCS 5/12-3.05(e)(1) (West 2014)) and unlawful possession of a firearm (*id.* § 24-3.1(a)(2)). The charges arose from defendant's shooting of Bilal Wilkins on August 8, 2014.

¶ 5 At trial, defendant was represented by private counsel. He did not dispute shooting Wilkins, but asserted Wilkins had a gun and he shot Wilkins in self-defense. The jury found defendant guilty.

¶ 6 The court sentenced defendant to 18 years' imprisonment for aggravated battery and a concurrent term of 3 years' imprisonment for unlawful possession of a firearm. The court denied defendant's motions for new trial and to reconsider sentence. Defendant appealed, and we affirmed defendant's convictions and sentence. *People v. Wilson*, 2017 IL App (3d) 150165.

¶ 7 Defendant filed a postconviction petition as a self-represented litigant. The petition alleged claims that defendant received ineffective assistance of trial counsel. The petition stated that defendant "had some mental issue's [*sic*] in the past" and that counsel failed to have him "go through a psychiatric evaluation before trial." Defendant further argued that counsel failed to show he "may have had a mental defect" which would have prejudiced him at trial. Additionally, he contended that it would have helped his claim of self-defense had counsel shown the victim had a propensity to carry a gun and that counsel was ineffective "[f]or not presenting witnesses on the victim has carried a gun in the past." The petition did not indicate who the witnesses were or what they would testify to. Defendant did not attach any documentation, such as affidavits, to support any of his contentions.

¶ 8 The circuit court dismissed the petition as frivolous and patently without merit. It found that the petition was unsupported by affidavits or reasons why affidavits could not be obtained, and that defendant's claims were conclusory and speculative. Defendant filed a motion to

reconsider arguing that he did not attach affidavits "because the issues were part of the record" and he could not be expected to get an affidavit from his trial counsel. He further asserted that appellate counsel was not an advocate when preparing the direct appeal. Defendant also argued that the gist of his claim was that counsel failed to have a hearing on his fitness to stand trial. The court denied the motion. Defendant appeals.

¶ 9                                      II. ANALYSIS

¶ 10        Defendant argues that his petition asserted the gist of ineffective assistance of counsel claims and thus, should not have been dismissed at the first stage. We disagree because defendant's petition lacked the required supporting affidavits, records, or other evidence, failed to explain the absence of such support, and failed to include the limited detail necessary to support the allegations.

¶ 11        The Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2018)) provides a process for a criminal defendant to assert that his conviction resulted from a substantial denial of his rights under the United States Constitution, the Illinois Constitution, or both. *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). At the first stage, defendant need only state the "gist" of a constitutional claim. *Id.* The circuit court may summarily dismiss the petition at the first stage of proceedings if it is frivolous or patently without merit, such that it "has no arguable basis either in law or in fact." *Id.* at 16. But the petition must "clearly set forth the respects in which petitioner's constitutional rights were violated." 725 ILCS 5/122-2 (West 2018). "The petition shall have attached thereto affidavits, records, or other evidence supporting its allegations or *** state why the same are not attached." *Id.*

3

¶ 12     While defendant need only include a limited amount of detail, that "does not mean that a *pro se* petitioner is excused from providing any factual detail at all surrounding the alleged constitutional deprivation." *People v. Delton*, 227 Ill. 2d 247, 254 (2008).

> "Thus, while a *pro se* petition is not expected to set forth a complete and detailed factual recitation, it must set forth some facts which can be corroborated and are objective in nature or contain some explanation as to why those facts are absent. As a result, the failure to either attach the necessary ' "affidavits, records, or other evidence" or explain their absence is "fatal" to a post-conviction petition [citation] and by itself justifies the petitions summary dismissal.' " *Id.* at 254-55 (quoting *People v. Collins*, 202 Ill. 2d 59, 66 (2002)).

Petitions alleging ineffective assistance of counsel may not be dismissed at the first stage "if (i) it is arguable that counsel's performance fell below an objective standard of reasonableness and (ii) it is arguable that the defendant was prejudiced." *Hodges*, 234 Ill. 2d at 17.

¶ 13     As an initial matter, the State argues that defendant's claims are forfeited because they could and should have been raised on direct appeal. See *People v. Williams*, 2019 IL App (3d) 160412, ¶ 34 (noting that ineffective assistance of counsel claims should generally be reviewed on direct appeal). We disagree because "necessary facts are not in the trial record" and thus, collateral review is appropriate. *Id.*

¶ 14     Turning to the merits of the appeal, defendant alleged that counsel was ineffective for failing to show the victim had a propensity for carrying guns and failed to call witnesses to establish the victim carried guns in the past. But defendant provided no details as to who these witnesses were or what they would testify to. Moreover, defendant failed to attach any affidavits from these purported witnesses. While he asserted in his motion to reconsider, and again on appeal,

that the only affidavit he could potentially have attached would have been from his attorney, that is not the case because he could have attached affidavits from the purported witnesses to establish what testimony they would have provided. Defendant's failure to provide witness affidavits is especially problematic here, as defendant did not allege in his petition the testimony of the witnesses, and he only vaguely asserted the testimony would relate to the victim having carried a gun in the past. The failure to include any detail regarding the purported testimony or affidavits from these purported witnesses is fatal to defendant's petition. See *Delton*, 227 Ill. 2d at 254-55.

¶ 15        Similarly, while defendant asserts that counsel was ineffective for failing to have him undergo a psychiatric evaluation, he failed to provide basic details as to what type of mental defect he may have had. Instead, the petition simply asserts that defendant "had some mental issue's [*sic*] in the past." Not only did defendant's petition fail to outright allege that he was unfit for trial, it failed to include any allegations as to the type of mental issues he purportedly had, whether he still had those issues at trial, or how they would affect his participation in his defense. See, *e.g.*, 725 ILCS 5/104-10 (West 2014) (providing that a defendant is unfit if "he is unable to understand the nature and purpose of the proceedings against him or to assist in his defense"). Further, defendant did not attach any evidence to the petition to support these vague and conclusory allegations. Thus, the petition was properly dismissed. See *Delton*, 227 Ill. 2d at 254-55.

¶ 16                                    III. CONCLUSION

¶ 17        The judgment of the circuit court of Peoria County is affirmed.

¶ 18        Affirmed.