2025 IL App (1st) 232348-U

SECOND DIVISION
June 3, 2025

No. 1-23-2348

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 18CR15692 |
| | ) | |
| MICHAEL FENNER, | ) | Honorable |
| | ) | Michael J. Kane, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

JUSTICE McBRIDE delivered the judgment of the court.
Presiding Justice Van Tine and Justice Ellis concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The trial court erred in denying defendant's motion to correct fines pursuant to Supreme Court 472. We vacate the $2500 fine imposed by the trial court and remand for the court to consider defendant's financial resources and future ability to pay. Additionally, we remand for the trial court to determine the amount, if any, of *per diem* credit defendant is entitled to offset any fine imposed.

¶ 2   Defendant Michael Fenner appeals the trial court's denial of his motion to correct fees and fines filed pursuant to Supreme Court Rule 472 (eff. May 17, 2019). Specifically, defendant contends that the trial court improperly imposed a $2500 fine without considering his financial resources and future ability to pay.

¶ 3      In February 2023, defendant was convicted by a jury of two counts of resisting or obstructing a peace officer proximately causing injury and subsequently was sentenced to 18 months of probation. Defendant's convictions arose after he went to a car lot to complain about a defective vehicle and an altercation with the owner allegedly occurred. Officers subsequently came to defendant's residence to advise him not to return to the car lot. After the officers perceived defendant to have made a threat toward the car lot, they attempted to place him under arrest, but defendant resisted. During a struggle to effectuate the arrest, two officers were injured. We affirmed defendant's conviction and sentence on direct appeal. See *People v. Fenner*, 2024 IL App (1st) 230645-U. We detail these facts only as necessary for the issues raised in this appeal. A full discussion of the facts is presented in defendant's direct appeal. See *id.*

¶ 4      At defendant's April 2023 sentencing hearing, defendant argued in mitigation about defendant's family, employment, and finances. Defendant and his wife owned a house, which they had been renovating while the case was pending. At the time of the offense, defendant was employed as a forklift operator, but he lost that job during his initial pretrial incarceration. He was in custody for 65 days due to an initial order of no bail. The bail order was subsequently changed and a monetary bond of $5,000 was set. Since his release, defendant had been working as a delivery driver. Defendant's presentence investigative report (PSI) indicated that defendant was an independent contractor with Door Dash, Uber Eats, and Grub Hub. He worked 20 hours per week and earned $80-$500 per week. In allocution, defendant told the court that he has "a family to take care of" and "it's just been tough fighting the case for five years. I mean, I had to give up a lot financially and it changed my life."

¶ 5      Before imposing the sentence, the trial court acknowledged that defendant was trying to support his family and lived "in a nice neighborhood with a nice home." The trial judge stated

that he had considered the trial evidence, the presentence report, history, character and attitude of the defendant, arguments, defendant's statement of allocution, and the arguments in aggravation and mitigation. Following those remarks, the judge sentenced defendant to 18 months of probation, a $2500 fine, and five days of the Sheriff's Work Alternative Program (SWAP), which was considered served based on defendant's pretrial time in custody. The court ordered that the $2500 fine be deducted from defendant's $5000 bond. Defendant filed a motion to reconsider his sentence of 18 months' probation, which the court denied.

¶ 6     In September 2023, while defendant's direct appeal was pending, he filed a *pro se* motion to correct the fines and fees order pursuant to Supreme Court Rule 472 (eff. May 17, 2019). He argued that the trial court erred in imposing the $2500 fine without considering his financial resources and future ability to pay. He asserted that he was indigent since losing his full time job when he was arrested. Defendant attached the bond receipt which indicated that his brother paid the $5000 bond. At a hearing on November 17, 2023, the trial court denied defendant's motion, finding it lacked jurisdiction because defendant failed to file this motion within 30 days of the sentencing hearing.

¶ 7     This appeal followed.

¶ 8     The State initially argues that the trial court lacked jurisdiction to vacate defendant's fine because his motion was not a proper motion to correct a sentence under Supreme Court Rule 472. Specifically, because defendant was seeking to "undo a judgment" rather than correct an error in the sentencing order, the trial court lacked jurisdiction. Further, the State contends that the alleged error in the sentencing order cannot be corrected and was "merely an untimely challenge to the sentence." Defendant responds that his motion fell within the scope of Rule 472, which vested the trial court, as well as this court, with jurisdiction to consider the merits.

3

¶ 9    Generally, the trial court loses jurisdiction to hear a cause 30 days following the entry of a final judgment. *People v. Bailey*, 2014 IL 115459, ¶ 8. However, Rule 472 provides that the trial court retains jurisdiction to correct certain sentencing errors *sua sponte* or on the motion of any party.

¶ 10    Supreme Court Rule 472 provides, in relevant part:

"(a) In criminal cases, the circuit court retains jurisdiction to correct the following sentencing errors at any time following judgment and after notice to the parties, including during the pendency of an appeal, on the court's own motion, or on motion of any party:

(1) Errors in the imposition or calculation of fines, fees, assessments, or costs;

(2) Errors in the application of *per diem* credit against fines;

(3) Errors in the calculation of presentence custody credit; and

(4) Clerical errors in the written sentencing order or other part of the record resulting in a discrepancy between the record and the actual judgment of the court.

(b) Where a circuit court's judgment pursuant to this rule is entered more than 30 days after the final judgment, the judgment constitutes a final judgment on a justiciable matter and is subject to appeal in accordance with Supreme Court Rule 303.

(c) No appeal may be taken by a party from a judgment of conviction on the ground of any sentencing error specified above unless such alleged error has first been raised in the circuit court. When a post-judgment motion has been filed

4

by a party pursuant to this rule, any claim of error not raised in that motion shall be deemed forfeited." Ill. S. Ct. R. 472 (eff. May 17, 2019).

¶ 11 When interpreting supreme court rules, we follow the same principles applicable to the construction of statutes. *Salem*, 2016 IL 118693, ¶ 11. Our goal is to ascertain and give effect to the drafters' intention and the most reliable indicator of intent is the language used, which must be given its plain and ordinary meaning. *Id*. The issue of jurisdiction is a question of law, which we review *de novo*. *People v. Salem*, 2016 IL 118693, ¶ 11.

¶ 12 Under the plain language of Rule 472, a trial court retains jurisdiction to consider the sentencing errors listed above. Ill. S. Ct. R. 472. As the supreme court observed, "Rule 472 was enacted, in large part, to provide the trial court with jurisdiction to correct certain sentencing errors in criminal cases *at any time after judgment* without requiring this court's intervention through a writ of *mandamus*." (Emphasis added.) *People v. Fukama-Kabika*, 2023 IL 128824, ¶ 18. Contrary to the trial court's finding, and to the extent that the State asserts here, there is no 30-day jurisdictional timeline indicated in the rule. Rather, motions pursuant to Rule 472 can be filed "at any time." Accordingly, defendant's motion was timely filed and the trial court had jurisdiction to consider his motion.

¶ 13 Further, defendant properly followed the requirements of Rule 472 to raise his claim. In his motion, defendant asked the trial court to vacate its imposition of a $2500 fine because the court erred by imposing the fine without considering his financial resources and future ability to pay in accordance with section 5-9-1(d)(1) of the Unified Code of Corrections (the Code) (730 ILCS 5/5-9-1(d)(1) (West 2022)). This claim clearly falls within the first prong of Rule 472, as an error in the imposition of a fine. See Ill. S. Ct. R. 472(a)(1).

¶ 14 We are unpersuaded by the State's assertion that a motion for relief under Rule 472

requires defendant "to show the type of clear entitlement to relief that is required in the mandamus context." No such requirement exists in the rule's plain language. *Id*. Defendant properly sought relief within one of the listed bases for the trial court to correct. Moreover, all of the cases relied on by the State either predate Rule 472 or do not fall within the errors to be corrected under the rule. See *People v. Blancas*, 2019 IL App (1st) 171127, 17 (the defendant's motion was an attempt to challenge his plea); *People v. Hongo*, 2024 IL App (1st) 232482, ¶ 1 (appealing the trial court's denial of pretrial release); *People v. Bailey*, 2014 IL 115459 (predating the creation of Rule 472). The State's jurisdiction argument is without merit and this court has jurisdiction over defendant's appeal.

¶ 15    Turning to the merits, defendant argues that the trial court erred in imposing the $2500 fine without considering his financial resources and future ability to pay as required under section 5-9-1(d)(1) of the Code (730 ILCS 5/5-9-1(d)(1) (West 2022)). The State responds that defendant's claim is moot, forfeited, and otherwise lacks merit.

¶ 16    An issue is moot if no controversy exists or if events have occurred, which prevent the reviewing court from granting effectual relief to the complaining party. *In re Shelby R.*, 2013 IL 114994, ¶ 15. The State asserts that defendant's claim is moot because the fine has been paid. It relies on cases in which a fine was satisfied by a defendant's *per diem* credit. See *People v. Harvey*, 2018 IL 122325, ¶¶ 17-19; *People v. Wilson*, 2017 IL App (3d) 150165, ¶ 25. In *Harvey*, 2018 IL 122325, ¶ 18, the defendant conceded that his *per diem* credit satisfied his fines and the issue was moot. Similarly, the reviewing court in *Wilson* found the defendant's challenge to his fines was moot because the fines had been "legally satisfied by the application of defendant's $5-per-day credit." *Wilson*, 2017 IL App (3d) 150165, ¶ 25. There, the defendant received $1005 in presentence credit which more than covered the $185 in fines. *Id*.

¶ 17    However, both cases are readily distinguishable from the facts here. Defendant has presented an actual controversy regarding whether the trial court failed to comply with section 5-9-19(d)(1) in imposing the fine. This presents a different issue than the cases relied on by the State since the fine was satisfied with money paid by defendant rather than *per diem* credit earned while in pretrial detention. In fact, the bond slip indicated that defendant's bond was paid by his brother. In this case, an effectual remedy exists, *i.e.*, defendant could have the money paid for the fine refunded. Thus, defendant's claim is not moot.

¶ 18    We also reject the State's assertion that defendant has forfeited his claim by failing to raise it at sentencing, in his motion to reconsider, and on direct appeal. This argument ignores the plain language of Rule 472, which as discussed above, allows a party to file the motion "at any time" and such motion is to be filed in the trial court before an appeal can be filed. Ill. S. Ct. R. 472(a), (c). Further, this court has consistently remanded any fines and fees issue raised for the first time on appeal to the trial court for the defendant to file a motion under Rule 472. See *People v. Whittenburg*, 2019 IL App (1st) 163267, ¶ 6 (we remanded to the trial court pursuant to Rule 472(e) to allow defendant to file a motion "challenging the fees and fines imposed as a part of his sentence"); *People v. Sanders*, 2019 IL App (1st) 160718, ¶ 53 (same); *People v. Johnson*, 2019 IL App (1st) 161104, ¶ 34 (same); *People v. Loggins*, 2019 IL App (1st) 160482, ¶ 131 (same). Defendant filed his Rule 472 motion in accordance with the requirements of the rule. Defendant's claim is not forfeited.

¶ 19    According to defendant, his $2500 fine was imposed by the trial court without consideration of his financial resources. Section 5-9-1(d)(1) provides that, "[i]n determining the amount and method of payment of a fine, the court shall consider *** the financial resources and future ability of the offender to pay the fine***." 730 ILCS 5/5-9-1(d)(1) (West 2022). A

certified statement of assets and liabilities, filed in November 2018, listed defendant's gross income as $1800 but his monthly living expenses were $2800.

¶ 20     At the sentencing hearing, defense counsel argued in mitigation that defendant lived at the property with his wife, they owned the property and were doing home renovations while the case was pending, he was employed as a forklift operator at the time of the offense but lost that job due to his pretrial custody, and was then working as a delivery driver. During its ruling on sentencing, the trial court observed, "You are trying to support your family and those are all good things. Frankly, you live in a nice neighborhood with a nice home. I am familiar with that neighborhood. I didn't grow up far from there." The court later imposed defendant's sentence of probation and fined defendant $2500. The court ordered that it was "taking the $2500 fine from that bond slip."

¶ 21     The supreme court has held that section 5-9-1(d)(1) requires the record to establish that the court considered the financial resources and future ability of the offender to pay the fine. *People v. Maldonado*, 109 Ill. 2d 319, 324 (1985). "A trial judge need not specifically state that a defendant was determined to have the financial resources and ability to pay because such finding is implicit in the imposition of a fine where the judge is aware of the facts that support such a determination." *People v. Bishop*, 354 Ill. App. 3d 549, 563 (2004). Generally, a sufficient consideration of ability to pay may be established by the trial court's discussion of a defendant's employment situation or when documents in the record establish the defendant's employment or financial situation. *People v. Contursi*, 2019 IL App (1st) 162894, ¶ 32. In *Contursi*, the reviewing court vacated a $25,000 fine and remanded for the trial court to assess the defendant's ability to pay. The *Contursi* court found that the trial court's consideration that the defendant had a union job and lived in a condominium for several years before his offense did not adequately

address his future ability to pay such a large fine after an eight-year prison sentence. *Id*.

¶ 22    Here, the record discloses that the trial court did not sufficiently consider defendant's financial resources and future ability to pay the $2500 fine. In its findings, the court generally referred to defendant's nice home in a nice neighborhood, but at the time the fine was imposed, no mention was made of defendant's financial situation, including defendant's employment status. Defense counsel's argument, documents in the record, and defendant's own statement in allocution showed that his financial resources were limited after losing his primary job. The PSI stated that defendant made between $80 to $500 a week as a delivery driver. Nevertheless, the court imposed the $2500 fine and ordered it to be paid from defendant's bond slip. Given this record, the court's general comments were not sufficient to establish that the court considered defendant's financial situation and future ability to pay. We vacate this fine and remand for the court to consider defendant's financial resources and ability to pay pursuant to section 5-9-1(d)(1) of the Code.

¶ 23    Finally, defendant contends that the trial court erred by failing to award any *per diem* credit for the time he was in custody prior to posting bond. He asserts that the credit could help to offset the amount of any fine imposed on remand.

¶ 24    Section 114-10(a) of the Code of Criminal Procedure of 1963 (Criminal Code), in effect while defendant was in custody, provides: "Any person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of the offense shall be allowed a credit of $5 for each day so incarcerated upon application of the defendant." 725 ILCS 5/114-10(a) (West 2018). The supreme court has held that the award of this credit is mandatory, cannot be waived, and can be raised at any time. *People v. Caballero*, 228 Ill. 2d 79, 83 (2008) (citing *People v. Woodward*, 175 Ill. 2d 435, 457-58 (1997)). Defendant concedes that he did not

raise this issue in his Rule 472 motion but relies on *Caballero* to ask this court to consider this issue.

¶ 25 In *Caballero*, the supreme court considered the defendant's claim for *per diem* credit raised for the first time on the appeal from the dismissal of his postconviction petition. *Id.* at 82. The appellate court had affirmed the dismissal of the defendant's petition but found that he was entitled to the *per diem* credit under section 114-10(a) of the Criminal Code. *Id.* The State argued that the *per diem* credit involved a statutory right and was not cognizable in postconviction proceedings. *Id.* at 83. While the *Caballero* court agreed with the State that a claim under section 110-14 was statutory and not cognizable under the Post-Conviction Hearing Act, the supreme court further held that a statutory claim under section 114-10(a) may be considered as "an 'application of the defendant' made under the statute and may be raised at any time and at any stage of court proceedings." *Id.* at 88. "Accordingly, if, as in this case, the basis for granting the application of the defendant is clear and available from the record, the appellate court may, in the 'interests of an orderly administration of justice,' grant the relief requested." *Id.*

¶ 26 It is clear from the record that the trial court did not award any *per diem* credit to defendant for the period he was held without bond, which he was entitled to under section 114-10(a). While *Caballero* predated the creation of Rule 472, the award of *per diem* credit remains mandatory under section 114-10(a). Rule 472(e) directs the reviewing court to remand any claim regarding sentencing errors covered by this rule raised for the first time on appeal to the trial court to allow the party to file a motion pursuant to the rule. Ill. S. Ct. R. 472(e) (eff. May 17, 2019). Having found the *per diem* claim has not been forfeited, we remand for the trial court to determine the amount of *per diem* credit defendant is entitled.

¶ 27 Based on the foregoing reasons, we vacate the trial court's imposition of the $2500 fine

and remand for further proceedings consistent with this decision.

¶ 28    Vacated and remanded.